Benedict v. The Ocean Insurance Company.

---

## JESSE W. BENEDICT *v.* THE OCEAN INSURANCE COMPANY.

The words "*privilege for* $4,500 *additional insurance,*" written in the body of a policy of insurance—*Held*, to work a waiver of a subsequent printed condition in the policy requiring notice to be given to the insurers of any other insurance (within the sum specified), and to have the same indorsed on the policy.

The true intent and meaning is that the insured may obtain further insurance without notice to the company, and without affecting their policy or their liability upon it, provided such additional insurance does not *exceed* $4,500.

Where it is shown that the company prepared the policy of insurance after a careful examination of the insured premises by their own surveyor, and with a full knowledge of the nature of the risk—*Held*, that any misdescription of the policy was the fault of the company, and the insured should not be called upon to bear the consequences.

A cellar is not one of the " stories " of a building.

Although, at the trial, evidence of certain admisssions of defendant's agent may have been improperly admitted, yet where it worked no injury to the defendant, the action being abundantly sustained without it—*Held*, that, on appeal, it will be rejected as immaterial matter, and the objection and exception to its admission may be disregarded.

APPEAL by defendants from a judgment entered against them at Special Term in favor of the plaintiff.

This was an action brought by the plaintiff, as assignee of August Janson, to recover the loss by fire of certain property insured by the defendant.

The policy was dated the 13th of November, 1857, and for $70 premium insured Janson against loss or damage by fire to $2,000—$1,800 on his stock as a cabinet-maker, and $200 on tools and benches, contained in the five-story brick building, with tin roof, in the rear of 195 and 197 Chrystie-street, New-York.

On the night of the 21st of January, 1858, the buildings were totally destroyed by fire. The loss was $9,170 84, of which $7,612 84 was on the stock, and $1,558 on the tools.

The policy co
face of the p
    " *Pri*
There was
namely : 2,00
$2,000 in the
in the Trades
In the be
printed : " An
have already
the property
mentioned in
shall be void
assigns, shall
same propert
give notice th
indorsed on t
them in writi
effect."

The cause
16th and 17t
the plaintiff t

J. B. Bri
lants.

I. The exc
in refusing
had effected
was well take
$4,500 addit
the necessit
company wit
on account
Lawrence C
M. Fire In
F. Ins. Co
ford F. In
ilton Fire I

Benedict v. The Ocean Insurance Company.

The policy contained this clause, specially written upon the face of the policy, at the time the policy was issued:

"*Privilege for* $4,500 *additional insurance.*"

There was exactly this amount of additional insurance, namely: 2,000 in the Hamilton Fire Insurance Company; $2,000 in the New York and Erie Insurance Company; $500 in the Tradesmen's Insurance Company.

In the body of the policy the following provision was printed: " And provided further, that in case the assured shall have already made any other insurance against loss by fire on the property hereby insured, not notified to this corporation, mentioned in or indorsed upon this policy, then this insurance shall be void and of no effect. And if said insured, or his assigns, shall hereafter make any other insurance upon the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect."

The cause was tried before Judge Daly and a jury on the 16th and 17th of December, 1858, and a verdict rendered for the plaintiff for $2,095 67.

*J. B. Brinsmade* (*Barrett, Brinsmade & Barrett*) for appellants.

1. The exception of the appellant to the ruling of the Court in refusing to allow the appellant to show that the respondent had effected insurance with other companies without notice, was well taken. (1.) The words in the policy, " Privilege for $4,500 additional insurance," have no effect to dispense with the necessity of giving such notice. They merely bind the company not to object, after notice, to the additional insurance on account of its coming up to that sum. *Westlake* v. *St. Lawrence Co. M. Ins. Co.*, 14 Barb. 206; *Burt* v. *People's M. Fire Ins. Co.*, 2 Gray (Mass.), 397; *Forbes* v. *Agawam M. F. Ins. Co.*, 9 Cush. (Mass.), 470; *Worcester Bank* v. *Hartford F. Ins. Co.*, 11 Cush. (Mass.), 265; *Mellen* v. *The Hamilton Fire Ins. Co.*, 17 N. Y. (3 Smith), 609; *McEwen* v.

Benedict v. The Ocean Insurance Company.

*Montgomery Co. M. Ins. Co.*, 5 Hill, 104; *Potter* v. *The Ontario Mutual Ins. Co.*, 5 Hill, 147.

II. The Court should have nonsuited the respondents (1.) The description of the building in the policy was a warranty that the building should conform to the description, and every warranty is a condition precedent to the plaintiff's right of recovery. *Blair* v. *Loparts*, 1 Doug. 11; *Pawson* v. *Watson*, 2 Cowp. 785; *Craig* v. *U. S. Ins. Co.*, 1 Peters' Cir. Ct. Rep. 416; *Juhel* v. *Church*, 2 John. Cases, 333; *Ogden* v. *Ash*, 1 Dall. 162; *Fowler* v. *Etna Ins. Co.*, 6 Cow. 673; *Kennedy* v. *St. Lawrence Co. Mutual Ins. Co.*, 10 Barb. 285; *Wilson* v. *Herkimer Co. Mut. Ins. Co.*, 2 Selden, 53; *Mead* v. *Northwestern Ins. Co.*, 3 Selden, 530; *Sillere* v. *Thornton*, 26 Eng. Law and Eq. R. 238. (2.) The concealment of the facts that the respondent occupied the cellar of the building for the storage of his goods was the concealment of a fact material to the risk, and vitiated the policy. *Stebbins* v. *Globe Ins. Co.*, 2 Hall, 632; *Carpenter* v. *American Ins. Co.*, 1 Story, 57; *Dennison* v. *Thomaston M. Ins. Co.*, 2 App. 125; *Ingraham* v. *S. Carolina Ins. Co.*, 3 Brevard, 522; Chitty on Contracts, 683. (3.) Even if it could be assumed as a fact, that the surveyor of the company knew of the existence of the cellar, and knew that it was occupied for the storage of inflammable materials, it could not change the case, because the description of the building in the policy is a warranty; and notice to an agent of the insurer, or even to the insurers themselves, could not relieve the insured from the obligations of the warranty. *Kennedy* v. *St. Lawrence Ins. Co.*, 10 Barb. 285; *Lee* v. *Howard Ins. Co.*, 3 Gray (Mass.), 583; *Jennings* v. *Chenango Co. M. Ins. Co.*, 2 Denio, 75; *Wall* v. *East River Ins. Co.*, 3 Duer, 264.

III. The Court erred in admitting evidence of the acts and declarations of Wilcox. Where there is a warranty, parol evidence is inadmissible to affect the warranty. The rule which prevails upon sales of property—that a warranty does not extend to defects which are known to the purchaser—does not apply to warranties in contracts of insurance. *Kennedy* v. *St. Lawrence Ins. Co.*, 10 Barb. 285; *Jennings* v. *Chenango Ins. Co.*, 2 Denio, 75; *Wall* v. *East River Ins. Co.*, 3 Duer, 264; *Lee* v. *Howard Ins. Co.*, 3 Gray (Mass.), 583.

Benedict v. The Ocean Insurance Company.

*Andrew Boardman* (*Benedict & Boardman*) for respondents.

I. There was no misdescription of the premises. (1.) The term "story" is not applied to a cellar. "In the United "States, the floor next the ground is the *first* story. In France "and England, the first floor or story is the second from the "ground." (Webster's Dictionary, word "Story.") (2.) The surveyor of the defendants went through the building prior to the policy being issued; they afterwards furnished the policy containing the description objected to. They cannot take advantage of their own act to avoid the policy.

II. The acts and declarations of Wilcox were properly admitted in evidence. (1.) They were part of the *res gestæ*. (2.) They were all prior to the delivery of the policy by him to Janson, on behalf of the defendants, and while he was acting as their agent. (3.) The admission of the testimony could do no legal injury, and even if it were erroneously admitted, the exception would be disregarded. *Shorter* v. *The People*, 2 N. Y. 193.

III. The "*privilege*" granted by the defendant to the insured "*for* $4,500 *additional insurance*," was a waiver of that condition of the policy, that if the assured made any other insurance upon the same property without notice thereof to defendant, &c., the policy should be of no effect. In the construction of a policy of insurance, the written part is to prevail over the printed. *Delinguemare* v. *The Tradesmen's Ins. Co.*, 2 Hall, 622; *Harper* v. *The Albany Mut. Ins. Co.*, 17 N. Y. 194; *Mellen* v. *Hamilton Fire Insurance Co.*, 17 N. Y. 609.

BY THE COURT.—HILTON, J., (*orally*).—1. We do not perceive how any effect can be given to the words written by the defendants in the body of the policy, except by construing them as a waiver of the condition requiring notice to be given to the company of any other insurance (within the sum specified), and to have the same indorsed upon the policy. To say that it extended only to waiving notice of the insurance, and not to the condition requiring the indorsement, it seems to us

would be giving a strained and unnatural construction to the sentence, and such a one as the parties never contemplated.

We think its true meaning and intent to be that the insured might obtain further insurance without notice to the company, and without affecting their policy or their liability upon it, provided such additional insurance did not exceed $4,500.

2. In connection with the fact that the company made out the policy, it appears that their surveyor had previously examined the premises throughout, and knew their character. If, therefore, there was any misdescription in the policy, it was their fault, and the insured should not be called upon to bear its consequences.

But there was no misdescription. The building was a five-story one, being that number of floors above the sidewalk, and it was so described in the policy. But, assuming that there was a misdescription, we think it would be a gross act of injustice to permit a company who, it is shown, prepared the policy of insurance after a careful examination of the insured premises by their own surveyor, and with a full knowledge of the nature of the risk, to avail itself of such an error of its own, by which the policy might be avoided.

3. The admissions of Wilcox may have been improperly admitted in evidence, and we rather incline to the opinion that they were; but they worked no injury to the defendants, as the action was abundantly sustained without them. Rejecting them, therefore, as immaterial matter, in no way affecting the conclusion arrived at, it follows that the objection and exception to their admission may be disregarded.

Judgment affirmed.