STEPHEN B. BARTEAU, Executor, etc., Appellant, *v.* THE PHŒ-
NIX MUTUAL LIFE INSURANCE COMPANY OF HARTFORD,
Respondent.

To avoid a policy of life insurance upon the ground of misrepresentation,
it must, in the absence of fraud, be in respect to some circumstance or
fact material to the contract, and by which the insurer is induced to
undertake the risk.

A warranty, however, must be literally true, whether the fact warranted
be material or not.

In case of a warranty, therefore, the question, how far the fact was or
was not material, is not to be considered.

Knowledge on the part of the agent of a life insurance company of
the falsity of a warranty will not relieve the assured from a forfeiture
of the policy.

(Argued November 15, 1876 ; decided November 28, 1876.)

THIS action was upon a policy of life insurance.

The policy contained a provision that, in case any of the
statements or declarations made in the application shall be
found in any respect untrue, the policy shall be void, and in
the application the applicant stated that he was aware that
any untrue answers to the interrogatories making a part of
the application would vitiate the policy and forfeit all pay-
ments under it.   One of the interrogatories was whether the
applicant had had certain specified diseases, among others
paralysis, to which he answered " no."   *Held*, that the provis-
ion of the policy and the statement in the application made
this a warranty, but that it was immaterial whether it be
considered a warranty or not, if treated as a mere represen-
tation it was one material to the risk, and if untrue avoids
the policy ; the court stating the rule as above, citing Bunyan
on Life Insurance (page 31), *Higbee* v. *Guardian Mutual
Insurance Company* (53 N. Y., 603), *Chase* v. *Hamilton
Insurance Company* (20 N. Y., 52).

Also *held*, that knowledge of the agent of the company of
the falsity of the warranty would not relieve the insured or
his representatives from the consequence of a breach. (*Chase*
v. *Hamilton*, 20 N. Y., 52 ; *Ripley* v. *Ætna Insurance Com-
pany*, 30 id., 136 ; *Brown* v. *Cattaraugus Mutual. Ins. Com-

*pany*, 18 id., 387; *Fort* v. *Ætna Life Ins. Company*, 61 id., 571.)

The residue of the opinion was taken up with a discussion of the evidence, the court holding that, by it, the fact that the insured had had paralysis prior to the application, was so clearly established that a verdict for defendant was properly directed.

*R. E. Andrews* for the appellant.

*Samuel Hand* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.