By the Coubt.—Sedgwick, Ch. J.
On the trial, it appeared that the plaintiff intermarried, in 1865, with Leon Furniss, whose life was insured by the policy in action. The plaintiff, on April 30, 1877, swore that a certain petition made by her in an action against her husband, was true of her own knowledge, except such matters as were therein stated on information and *471 belief, and that as to such matters, she believed the petition to be true. That petition contained the following assertions: “That ever since the said marriage of the plaintiff and defendant, the said defendant has been addicted to the excessive use of intoxicating liquors, causing him to be very frequently in a drunken and irresponsible condition of mind.” These assertions are at variance with the declarations made by the application of the plaintiff for the insurance ; for it is clear that the answer made by the husband to the questions in that regard contained in the application, means that he drank at times, in such quantity as still to leave him with correct and temperate habits of life. The application was made September 9, 1874.
The petition of the plaintiff, that has been referred to, was evidence in the case as to the habits of life of Furniss, at the time of the application. The declarations of the petition were an admission, which, when compared with the answers that have been given, clearly shows that the latter did not give the fact as to his habits. The plaintiff testified that the language of the petition was the language of the lawyer who drew it, but she did not assert that the facts were not truly described by that language.
This admission, nevertheless, the plaintiff was at liberty to explain or to show to have been incorrect by evidence sufficient for that purpose. There was no explanation of the petition. She did not testify what facts she communicated to her lawyer, nor that the petition did not allege the facts as she had said they were, nor that she did not understand the meaning of the language. She did not testify to any facts that would tend to show that the application was true rather than the petition, or that the petition was incorrect. I have looked carefully at the testimony of the other witnesses, to find if their testimony tended to show that the petition'was incorrect. A very small *472 portion of the testimony refers to a time that embraces the date of the application, but that part is not inconsistent with the admission of the plaintiff made in her petition. The evidence on this point that was given by the witnesses who spoke as to the year 1874, was no doubt correct. • The facts they described would not have justified a position that the deceased’s habits of life was not correct or temperate in 1874. But such facts were not inconsistent with actual intemperance, not known to them, or with a knowledge by plaintiff of facts that she specified and implied in her petition. As there was nothing that contradicted plaintiff’s declaration, sworn to by her,' that ever since the marriage the deceased had been addicted to the “excessive use of intoxicating liquors, causing him to be very frequently in a drunken and irresponsible condition of mind,” and nothing that explained it, it must be held, that, like all other uncontradicted testimony, it required a disposition of the cause in accordance with it.
The plaintiff had not personally signed the application, but she had contracted with the company, that the contents of it were true. The policy runs, “In consideration of the statements and representations, or ° either of them, made and submitted to its officers, &c., and contained in the application for this policy (which application and all the statements and representations therein contained, &c., are hereby approved and adopted by the applicant, and are warranted to have been true when made, and are by the parties referred to, and made a part of this contract).* By the application, it was affirmed and declared by the plaintiff, “the applicant above named,” that the answers are true and correct, and expressly stipulated and agreed *473 that the “above application and this declaration” shall form the basis of the contract, and that if untrue answers have been made, the said policy shall become null and void.
For these reasons, I am of opinion that tire motion to direct a verdict for defendant should have been granted.
I am of opinion, that the disposition of the case in other respects was correct.
Judgment reversed, and new trial ordered, with costs of the appeal to the appellant to abide the event.
Speir and Russell, JJ., concurred.

 In Barteaux v. Phoenix M. L. Ins. Co. (67 N. Y. 595), it is held that a warranty in an insurance policy must be true, whether material or not.