ISAAC N. DEVENS, Respondent, v. THE MECHANICS AND TRADERS' INSURANCE COMPANY, Appellant.

A broker who effects insurance under no employment by the insurers, but for a commission paid by them, upon the premiums received, for such

risks as he procures to be offered and they choose to accept, is not an agent in such a sense that they will be bound by notice to him after policies are issued.

Defendant issued a policy of insurance to plaintiff upon his canal boat, which policy contained a warranty that the boat would be "securely moored in a safe place satisfactory to "defendant from December 10 to April 1st * * * with privilege to lighter in New York harbor during the winter." The boat was laid up during the period specified at a place outside of said harbor. No notice of the laying up was given save to S., an insurance broker, not in defendant's employ, who solicited applications for insurance by it, forwarded them when obtained, and, if accepted, policies were issued, sent to S., who delivered them to the applicants and received commissions thereon. While so laid up the boat was destroyed by fire. In an action upon the policy, *held*, that notice to S. was not notice to defendant; and that there was a breach of the warranty avoiding the policy; also, *held*, that the privilege to lighter did not dispense with the warranty, or justify the omission to give notice.

Plaintiff served the proofs of loss upon the general manager of defendant and asked him if they were all right; he answered that they were, and, upon being asked what was due on the policy, answered, "we considered not any thing, and that it was the carelessness of the captain of the boat." *Held*, that this was not a waiver of the breach, nor did it estop defendant from claiming it.

*Brink* v. *Han. F. Ins. Co.* (80 N. Y. 108), distinguished.

An insurance company is not deprived of the defense of breach of warranty because, when a claim is first presented, while denying its liability, it omits to disclose the ground of defense or states another ground than that upon which it finally relies; there must be in addition evidence justifying a finding that, with full knowledge of the facts, there was an intention to abandon or not to insist upon such defense, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury.

The policy provided that the acts of the insurer in saving and preserving the property insured should not be considered as affirming or denying any liability under it. Defendant, when informed of the fire, directed the captain of the boat to store the articles saved; *held*, that this was not a waiver of the breach.

(Argued December 2, 1880 ; decided December 14, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 28, 1879, modifying and affirming as

modified a judgment in favor of plaintiff, entered upon a verdict.

This action was upon two policies of insurance issued to plaintiff upon two canal boats, one named " James D. Decker," the other " Maggie," insuring among other things against loss by fire.

The only questions upon this appeal were as to the policy upon the "James D. Decker." The facts pertinent thereto appear in the opinion.

*Thomas M. Wheeler* for appellant. No notice of the laying up of the boat had been given to the defendant as required by the terms of the policy. (*Mead* v. *Northwestern Fire Ins. Co.*, 7 N. Y. 535; *Westfall* v. *Hudson River Fire Ins. Co.*, 12 id. 293; *Williams* v. *People's Fire Ins. Co.*, 57 id. 277, 281; *Rann* v. *Home Ins. Co.*, 59 id. 388; *Savage* v. *Howard Ins. Co.*, 52 id. 504; *Springfield Fire Ins. Co.* v. *Allen*, 43 id. 394.) The notice to Smith was not sufficient, he not being an agent of the company. (*Mellen* v. *Hamilton Fire Ins. Co.*, 17 N. Y. 616; *Bush* v. *Westchester Fire Ins. Co.*, 63 id. 531, 535; *Stringham* v. *St. Nicholas Ins. Co.*, 4 Abb. Ct. App. Dec. 315.) If there was any question as to Smith being an agent, it should have been submitted to the jury under the defendant's request. (*Western Trans. Co.* v. *Hawley*, 1 Daly, 327; *McClure* v. *Cain*, 3 Abb. Ct. App. Dec. 76.)

*R. W. Peckham* for respondent. Defendant having received the proofs of loss and kept them without objection, will be considered to have waived any supposed defect in them. (6 Cow. 404; 3 N. Y. 122; 17 id. 428; 5 Lans. 545; 64 N. Y. 163; 71 id. 396.) Notice to an agent is notice to the company. (*Van Schaick* v. *Ins. Co.*, 68 N. Y. 434; *Partridge* v. *Ins. Co.*, 17 Hun, 95; *Pelton* v. *Ins. Co.*, 19 Alb. L. J. 516.) The facts proved constituted Smith an agent, so far at least as to make a notice to him of the laying up of the boats notice to the company. (*Partridge* v. *Ins. Co.*, 17 Hun, 95.) De-

fendant is estopped from setting up any such defense as a lack of proper notice. (*Brink* v. *Hanover F. Ins. Co.*, 21 Alb. L. J. 295–296, Ct. of App., decided February 24, 1880.)

ANDREWS, J.  The policy on the " Decker " contained the following warranty : " Also warranted to be securely moored in a safe place, satisfactory to this company, between noon of the 10th day of December and noon of the 1st of April following, and the company to be duly notified of the time and place of laying up," and following this printed clause was a clause in writing : " Privilege to lighter in New York harbor during the winter." The " Decker " was not used for lightering during the winter, but was laid up at Port Johnson, about twenty miles from New York, from the 25th day of December, 1877, to the 12th day of May, 1878, when she was destroyed by fire, caused by the boiling over of pitch, which the captain was heating in the cabin.

No notice of the laying up was given to the company. A notice was given to one Smith, but this was not notice to the company. Smith acted as insurance broker at Watkins, and solicited applications for insurance in the defendant's company. He was not in the employment of the defendant, but had been accustomed to obtain and forward applications of insurance to the defendant, and if accepted, the company would issue policies, and send them to Smith to be delivered to the applicants.  The company, in pursuance of the practice of insurance companies in such cases, paid Smith a commission on policies issued through him.  This was the only dealing between Smith and the defendant.  The secretary and general manager of the company testified that Smith was not an agent of the defendant.  Smith was not examined as a witness.  His declaration to the plaintiff, when he solicited the insurance, that he was the defendant's agent, did not bind the company.  The case is directly within the decision of this court in *Mellen* v. *The Hamilton F. Ins. Co.* (17 N. Y. 609), in which it was held that a broker who effects insurances under no employment by the insurers, but for a commission paid by them upon the pre-

miums received for such risks as he procured to be offered, and they chose to accept, is not an agent in such a sense that the insurers will be bound by notice to him after the policies are issued.

There was, therefore, a breach of the warranty contained in the policy, and the policy was forfeited thereby, unless as is claimed the privilege to "lighter in New York harbor during the winter," wholly dispensed with the warranty, and justified the plaintiff in omitting to notify the company of the time and place of mooring the boat. This contention cannot be maintained. The privilege granted qualified the absolute undertaking expressed in the previous warranty. It permitted the plaintiff to use the boat in lightering in New York harbor, and if the plaintiff had availed himself of the privilege, there would have been no breach of the warranty so long as the boat was so employed. But if the "Decker" was not so used, the warranty attached, and the plaintiff was bound to moor the boat, and notify the company. No reason can be assigned why the company should dispense with the warranty if the plaintiff did not avail himself of the privilege to use the boat as a lighter. The fair and natural construction of the contract is, that the boat should be moored and notice given, unless the plaintiff elected to use it in lightering as permitted by the policy, and that the plaintiff so understood it, is apparent from his giving notice to Smith, although, by reason of his want of authority, the notice was ineffectual.

There was no waiver of the defense now insisted upon, by what occurred, when the plaintiff served the proofs of loss. They were served by the plaintiff upon the general manager of the company at the office in New York. The plaintiff when he delivered them asked the manager if they were all right, and he said they were, and the plaintiff then asked him how much was due on the policy, and the manager relied, "We considered not any thing, and that it was the carelessness of the captain of the boat." The manager disclaimed any liability on the policy. His omission to put his disclaimer expressly upon the ground of a breach of warranty

in answer to an inquiry as to the amount due to the plaintiff was not a waiver of this defense. The case is quite different in its circumstances from the case of *Brink* v. *The Hanover F. Ins. Co.* (80 N. Y. 108). In that case proofs of loss were served on the company, and the company retained them and examined the insured in respect to them, and decided not to pay the loss upon the ground of fraud, and so declared to the assured. Thereupon the action was commenced, and at the trial the company failing to prove the fraud, sought to raise the question that the proofs had not been served in time, and the court held that the company by their conduct had waived this defense. CHURCH, Ch. J. said : " They may refuse to pay without specifying any ground, and insist upon any available ground, but if they plant themselves upon a specified defense, and so notify the assured, they would not be permitted to retract after the latter has acted upon their position as announced, and incurred expenses in consequence of it." The doctrine of waiver was, we think, properly applied in that case, but it should not be extended so as to deprive a party of his defense, merely because he negligently, or incautiously, when a claim is first presented, while denying his liability, omits to disclose the ground of his defense, or states another ground than that upon which he finally relies. There must, in addition, be evidence from which the jury would be justified in finding that with full knowledge of the facts there was an intention to abandon, or not to insist upon the particular defense afterward relied upon, or that it was purposely concealed under circumstances calculated to, and which actually did, mislead the other party to his injury. Neither of these positions can be affirmed upon the evidence in this case. The statement of the manager was not inconsistent with an intention to insist upon the defense now made. When the conversation occurred, the loss had not become payable. If, at the time the manager had in mind the breach of warranty in not notifying the company of the time and place of mooring the boat, he may have regarded the fact that the fire was caused by the carelessness of the captain, as bearing

upon the equity of this defense, and have made the statement to justify the denial of liability. But however this may have been, there was, we think, no sufficient evidence to establish either a waiver or an estoppel.

Nor was the direction of the defendant to the master of the boat to store the anchors and other articles saved, a waiver of the defense now made. The policy provides that the acts of the insurers in saving and preserving the property insured shall not be considered as affirming or denying any liability under the policy.

We think the court erred in directing a verdict, and that the judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.