By the Court.—Sedgwick, Ch. J.
The learned counsel for appellants argued, in the first place, that to enable the plaintiffs to bring the action, it was not necessary to tender the contract price to the vendor, but that it was enough, under the facts of the case, that the vendees were ready and willing to pay. The plaintiffs, by their letter, declared to the defendants their willingness to pay the price in accordance with the terms of the agreement.
Without now adverting to the specific dispute on this point, it will be admitted that a tender of the purchase price will not, of itself, avail, if there be anything else unperformed on the part of the vendees, which is a condition precedent to their right to demand a delivery. The contract bound the defendants to deliver “alongside buyer’s vessel, at the rate of five hundred barrels per month, from November to April inclusive, sellers’ option, free of expense to buyers, provided name of vessel and number of pier are made known before arrival of the goods here.”
The contract clearly makes it the duty of the vendeés to inform the vendors of the name of the vessel and at what place it will be ready to receive the delivery, before the vendors are bound to deliver.
It is argued that, as the defendants had the entire month in which to deliver, they were bound to give the plaintiffs reasonable notice of the time of delivery ; and that any duty on the plaintiffs’ part followed, and was dependent on this notice. However reasonable a provision would be that the vendor should give such a notice of intention to deliver, it is not in the contract or implied by it. If a notice of *474 an intention to deliver were given, it would bind the vendor from the time of the notice, and would restrict the freedom of choice he had bargained for. If he gave notice, say for a day previous to the last day of the month, he could not exercise his option after the previous day and before the last of the month. If he gave notice for the last of the month, he could not exercise his option on an earlier day.
The case of Stokes v. Brown (32 Super. Ct. 457) is •characterized by the prudence of the parties in making provision for this contingency. The vendor had sold oil, to be delivered at his option in certain lots and at certain times, to bulk-lighters at his yard, and it was agreed that five days’ notice should be given to the buyer on each lot. It was held that the giving of such a notice was a condition precedent to the right of the vendor to deliver, or to the obligation of the vendee to receive. It was considered to be sufficient that the vendee was at all times ready to send his lighters and receive and pay for the oil, when he should be required to do so by the vendor’s notice that he would deliver at a certain time.
In this case, however, as we have already said, there was no express obligation on the part of the vendor to give notice of an intended delivery, and there can be no implied obligation, for that would be inconsistent with the express provision of the contract that the vendor might reserve his intention to the latest legal hour of the last day. However, as by the contract, the defendants were not bound to deliver “ alongside buyer’s vessel,” until the buyer had informed them of the name .of the vessel and the place where it would be ready for delivery, no notice of a proper kind of intended delivery could be given without the information from the buyer.
The rule on this subject is clearly stated in the familiar case of Vyse v. Wakefield (6 Mees. & W. 444; *475 8 Dowl. P. C. 377 ; 4 Jur. 509 ; affirmed on error, 7 Mees. & W. 126), “that where a party stipulates to do a certain thing in a certain specific event, which may become known to him, or with which he can make himself acquainted, he is not entitled to any notice, unless he stipulates for it, but when it is to do a thing which lies within the peculiar knowledge of the opposite party, then notice ought to be given him.”
It is supposed that the contract makes it the duty of the vendors to furnish to the vendees gaugers’ returns, before the latter can be called on to be ready to perform on their part. However that may be, it does not lessen the duty of the vendees to inform the vendors of the place of delivery and the vessel. It must not be overlooked that, by the legal construction of the contract, whenever or wherever the delivery is to be made, it must be made so as to give the vendees sufficient time to examine the quantity and quality of the goods, before they can be called upon to accept.
For this reason, I am of opinion that the dismissal of the complaint was correct, unless the court was in error in overruling the offer to give certain testimony, which it was claimed tended to show a waiver of any act on the part of plaintiff, which might otherwise have been required of them.
This offer was made, in the first instance, to show a waiver of tender. On this point, we have already said that it was necessary for the plaintiffs to prove more than tender, viz.: that they should have specified the vessel at which delivery was to be made. The offer should, however, be looked at to see if it would have justified the jury in finding that the condition precedent, last referred to, had been performed. I am of opinion that, if the conversation in the offer had been proved, the words used in it were so specific, that the jury would not have been at liberty to find that either party, in fact, alluded to, or intended to refer to the *476 condition precedent. The omission to give notice was not in the nature of performance of the contract on the part of the plaintiff. They were not held to give the notice. There was no obligation to give it. It was only a condition. The parties, evidently, had in mind only what the plaintiff would be bound to do, in respect of such obligations as were contemporaneous with a delivery under the contract.
Nor' do I think that the circumstances of the case presented a question to the jury, as to whether the defendants had waived the particular defense. The remarks of judge Andrews, in Devens v. Mechanics’ & Traders’ Ins. Co. (83 N. Y. 168), are pertinent: “The doctrine of waiver should not be extended so as to deprive a party of his defense, merely because he negligently or incautiously, when a claim is first presented, while denying his liability, omits to disclose the ground of his defense or states another ground than that upon which he finally relies. There must, in addition, be evidence from which the jury would be justified in finding that, with full knowledge of the facts, there was an intention to abandon or not to insist upon the particular defense afterwards relied upon, or that it was purposely concealed, under circumstances calculated, to, and which actually did, mislead the other party to his injury.”
I am of opinion that the judgment should be affirmed, with costs.
Speir, J., concurred.