ROYAL INS. CO., *v.* McCREA, MAURY & CO.

INSURANCE POLICY. *Effect of subsequent insurance.* A policy of insurance which is conditioned to be void if the assured shall have, or shall hereafter make any other insurance on the property, or any part thereof, without the consent of the company written thereon, is avoided by subsequent valid insurance of which the first company had no notice, although two other companies, whose policies on the same property issued contemporaneously with the first policy, were also released by the same over insurance as adjudged by the courts, and although the prior avoidance of these policies reduced the amount of the insurance within the additional insurance allowed by the first policy.

---

FROM DAVIDSON.

---

Appeal in error from the Circuit Court of Davidson county.     N. BAXTER, J.

DEMOSS & MALONE, R. McPHAIL SMITH and E. H. EAST for Ins. Co.

SMITH & ALLISON and ED. BAXTER for McCrea, Maury & Co.

COOPER, J., delivered the opinion of the court.

Appeal in error by the Royal Insurance Company from a judgment recovered by McCrea, Maury & Co., on policy No. 4, in the list of policies given in the case of the American Central Company just decided, and for the same loss.

The principal defense, both in this court and the

court below, was that of over insurance, upon sub-
stantially the same proof as in the foregoing case, of
the policies issued, their dates and amounts, and pro-
ceedings had thereon.    The reply to this defense was
not the same as in the previous case, for, although
the policy was obtained by the assured through Peck
& Cahill, these persons were not the agents of the
Royal Insurance Company, and only acted as insurance
brokers.    A broker, who effects insurance under no
employment by the insurer, but for a commission upon
the premium received for such risks as he procures to
be offered and the insurer chooses to accept, is not
the agent of the insurer in such a sense as to bind
the insurer by notice to the agent: *Devens* v. *Mechan-
ics & Tr. Co.*, 83 N. Y., 168.    The effort, therefore,
was to show that there was no over insurance.    For
this purpose, transcripts of the suits of McCrea, Mau-
ry & Co., against the Boatman and Citizens compa-
nies were introduced in evidence, showing judgment in
favor of the company, and the argument made that it
thence conclusively appeared that those policies were
voidable at the time of the loss.    The policy of the
Royal company was for $5000, with the privilege of
$25,000 additional insurance, and required notice of
previous or subsequent insurance, and the endorsement
of a memorandum thereof on the policy, under the
penalty that the assured would not otherwise be en-
titled to any benefit under the policy.    For the reason
given in the preceding case, there would be no viola-
tion of the condition so long as the additional insu-
rance was within the amount allowed.    See also, *Blake*

v. *Exchange Mut. Ins. Co.*, 12 Gray, 265; *Benedict* v. *Ocean Ins. Co.*, 1 Daly, 8.

The policy sued on was not affected, therefore, by the other policies of the 7th and 10th of January, for these policies only carried the insurance up to $30,000. Nor were the other policies of those dates thus far vitiated by over insurance, for they were all issued with the privilege of the same amount of additional insurance. And the insurance of the Ætna and Queen had been avoided by the change in the building. All of the policies of these dates were *prima facie* valid. It was the over insurance of the Louisiana Mutual of the 14th of January, that raised the question, and that insurance, if valid, would operate equally on each of the previous policies, all of them containing substantially the same provision as to notice of other insurance, and endorsement thereof on the policy. The policy of the Louisiana Mutual was not affected by over insurance, for, as we have seen, it was on the stock only and allowed $15,000 additional insurance thereon, and the total insurance on stock did not exceed $20,000. And the recovery of judgment thereon by the assured showed that there was no ground of invalidity.

In this view, the insurance, after the issuance of the policy of the Louisiana Mutual, exceeded the amount allowed by the policy sued on, and the excess was not brought to the notice of the defendant, nor, of course, endorsed on its policy. The condition of the policy was, therefore, violated: *Kennedy* v. *Ætna Ins. Co.*, 6 Ins. L. J., 359, opinion of this court. The plaintiffs

sought to avoid the result by insisting that $5000 of the intermediate insurance were not real indemnity, because the policies, those of the Boatman and Citizens companies, had actually been held to be invalid. The trial judge took this view, and charged the jury as follows: " The fact of having these policies (the Boatman and Citizens), and suing on them, would not of itself bar the plaintiffs of their right of showing that these policies were really not valid and binding. It you find from the proof, that these policies were sued upon and judgment rendered in favor of the companies, and that these judgments were still in force and not appealed from, and that the litigation for said sums is ended, the presumption would be that they were subject to a valid legal defense, and hence, not valid insurance. If you find that these policies, amounting to $5000, were not a valid insurance, and that the plaintiffs had no more than $30,000 insurance at the time of the fire, then you will find for the plaintiffs, so far as the sixth stipulation (the stipulation of the policy touching other insurance), is concerned."

It is important to the insurer to know the amount of the insurance upon the property insured against loss by fire, in order to properly estimate the risk, because the greater the amount of the insurance, the less the inducement on the part of the assured to watchfulness against loss, and the greater the temptation to destroy the property. And it is obvious that the interest to know the fact of other insurance is the same whether it exist at the time of entering into the con-

tract, or is procured afterwards.   The general doctrine
that a previous or subsequent insurance without notice,
under a policy requiring notice upon pain of forfeit-
ure, discharges the insurers from any obligation to pay
for a loss happening under such circumstances, is well
settled, and universally recognized.   The provision of
the policy on this subject is one not regarded with the
jealousy due to other provisions which work forfeit-
ures, but is upheld without reluctance as a fair and
just provision for a reasonable and proper purpose:
May on Ins., sec. 364.

But what is an over insurance within the meaning
of the condition is one of the vexed questions of law
about which the authorities are hopelessly in conflict.
It was held in one of the earlier cases, that a prior
insurance was not less within the condition because it
was vitiated by the misrepresentation of a material
fact, and therefore voidable at the election of the in-
surer:   *Carpenter* v. *Washington Ins. Co.,* 16 Pet., 495.
And the rule has been recently applied in favor of a
subsequent insurer, although the prior policy contained
the same condition, and was itself voidable, at the elec-
tion of the insurer, because of the subsequent insu-
rance:   *Landers* v. *Watertown Fire Ins. Co.,* 25 Alb.
L. J., 3, a decision of the court of errors of New
York, reversing S. C., 19 Hun.   That court had al-
ready held that the prior insurer might insist upon a
subsequent insurance as being within the condition, al-
though the later policy itself contained a similar con-
dition:   *Bigler* v. *New York Ins. Co.,* 22 N. Y., 402.
The reason for these decisions is, that the policy, re-

lied on as falling within the condition against other insurance of the policy sued on, was valid when issued, and, although voidable by the insurer, the condition might be waived, whereby the very evil would arise which the condition in the policy sued on was intended to obviate. And, therefore, some courts broadly hold that subsequent insurance works a forfeiture of the prior policy whether legally enforceable or not: *Allen* v. *Merchant's Mut. Ins. Co.*, 30 La. An., 1386; *Suggs* v. *Liverpool, etc., Ins. Co.*, 9 Ins. L. J., 657; *Ramsey Manf. Co.*, v. *Mutual Fire Ins. Co.*, 11 U. C., 516; *Jacobs* v. *Equitable Ins. Co.*, 19 U. C., 259. If the ground of invalidity of the subsequent policy has been waived, it would fall within the condition of the prior policy: *David* v. *Hartford Ins. Co.*, 13 Iowa, 69; *Bigler* v. *New York Ins. Co.*, 22 N. Y., 402; *Mitchell* v. *Lycoming Mutual Ins. Co.*, 51 Penn., 403; *Jacobs* v. *Equitable Ins. Co.*, 19 Upper Canada, 250. The weight of American authority seems, however, to be that the additional insurance, whether prior or subsequent, which will fall within the condition, must be valid. The cases are given in May on Ins. sec. 365, note, and 25 Alb. L. J., 3. The rule was followed by the supreme court of Virginia in a case in which the plaintiff, the assured, admitted the invalidity of the second policy under the condition against other insurance, and offered to cancel it in court: *Sutherland* v. *Old Dominion Ins. Co.*, 8 Ins. L. J., 181. Other courts have carried the ruling to its logical result, and enforced the prior policy, although the subsequent policy had been paid or compromised, the condition being

waived: *Thomas* v. *Ins. Co.*, 119 Mass., 121; *Jack-son* v. *Farmer's Mut. Ins. Co·*, 5 Gray, 52; *Lindsley* v. *Union Ins. Co.*, 65 Me., 368; *Knight* v. *Eureka Ins. Co.*, 26 Ohio St., 664. For, say these courts, if the prior policy be good when issued, it cannot be invalidated by the subsequent acts of the other parties in treating the latter voidable insurance as valid. And the Supreme Court of Ohio can see no distinction between a policy voidable on its face, or voidable for extrinsic matter. The subsequent insurance, say the court, is either valid or void, and, in either view, the question is, was it insurance? "The rights of the parties under the policy sued on, the prior policy, became fixed at the time the loss occurred, and could not be affected by what was subsequently done between the assured and third parties:" *Insurance Co.*, v. *Holt,* 35 Ohio St., 189.

"These decisions," say the editors of American Leading Cases, "avoid the hardship of pronouncing the insurance void in consequence of the failure to give notice of another which is equally invalid, and thus leaving the assured without a remedy on either policy, but are perhaps open to the more serious objection of enabling the owner of a house to insure it for its full value at two different offices, and keep each set of insurers in ignorance of the contract with others without the risk of loss if the secret is discovered, and with the certainty of gain if it remains concealed:" 2 Am. L. C., 899. These decisions did not meet the approval of this court when the cases were here before. It was then held that if the policies of insurance of-

fered in evidence to show that the defendants in error, the assured, had violated the terms of the policies sued on, and thereby forfeited their rights of recovery, were valid on their face and binding between the parties at the time of issuance, no subsequent acts by the parties thereto, without the knowledge and consent of the plaintiffs in error, the insurance companies, would defeat their right to claim any forfeiture accruing to them by reason of the making and acceptance of such policies; in violation of the conditions of those sued on. In other words, applying the language to the facts, if the Boatman and Citizens policies were valid on their face, and binding between the parties at the time of issuance, as they undoubtedly were, and the policy of the Royal company was avoided by the subsequent over insurance of the Louisiana Mutual, the forfeiture which thereby accrued to the Royal company could not be defeated by the result of any suit brought by the assured on any of these policies. The charge of the trial judge was in conflict with this ruling, and therefore erroneous.

The charge is erroneous for another reason. It ignores the ground upon which, as shown by the transcripts introduced in evidence, the two suits brought by McCrea, Maury & Co., against the Boatman and Citizens companies, were decided in favor of the companies. One grave objection to the current of American authority on this subject is, that to restrict the condition in question to valid insurance, lets into the suit on one policy a wilderness of questions, touching, it may be, many other policies not sued on, involves

the suit in a maze of complexity, and leads to the anomally of passing, in a suit on one policy, upon other policies themselves the subject of separate suits. But if these questions are gone into, undoubtedly they can influence the result of the pending suit only so far as the facts will warrant. And if the facts have already been determined in a separate suit on any particular policy, these facts must of course be looked to. Now the records of the two suits show that each of the two companies sued expressly admitted, in its answer to the declaration of the plaintiffs, that it had issued to the plaintiffs the policy sued on, and that it put its defense upon the ground of subsequent over insurance, which issue, upon a charge of the court on that very point, was found in favor of the company. If it be conceded, then, that in this suit, the validity of the other two policies may be tested, it clearly appears that they were valid when issued, and were avoided by the over insurance created by the issuance of the policy of the Louisiana Mutual. But the issuance of this policy was equally a violation of the same condition of the Royal policy now in suit. Upon what principle can the over insurance be held to vitiate those two policies, and not to vitiate the present policy which was first in point of time? It cannot be that the right to relief on that grond shall be made to depend on which suit is first tried. If this suit had come on for trial before the other two suits, and the same facts had been introduced in evidence, would not the present defendant have been held entitled to relief for the violation of the condition of its policy? The

fact that other companies have successfully relied on the same defense, cannot affect its right. The over insurance, without notice, was a release of all other companies, the conditions of whose prior policies were violated, so far as the question of forfeiture was concerned. The rights of the parties to this extent must turn upon the validity of the policies on their face at the time of the issuance of the policy creating the over insurance as to the particular policy sued on. Those rights cannot be made to turn upon the voidability of those policies, or the result of suits or compromises between the parties.

No question was made in this case in the court below upon the invalidity of the policies of the Boatman and Citizen's companies for the failure to prepay the premiums. And if the point had been made, it would have been set at rest by the record of the suits on the policies.

The judgment must be reversed, and the cause remanded for a new trial.