JAMES JACKSON, AS RECEIVER OF THE PATERSON FIRE INSURANCE COMPANY, RESPONDENT, *v.* THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY APPELLANT.

*Policy of fire insurance — proper construction of a representation by the assured as to the finish of a house — when the policy is avoided by a false representation — a judgment only concludes the parties as to the issues actually decided.*

This action was brought upon a policy of reinsurance issued by the defendant, The St. Paul Fire and Marine Insurance Company, upon property described in a written application, signed by the agent of The Paterson Fire Insurance Company, the plaintiff's company, as a "story and half-story hard finished frame boarding-house building." The building was not in fact hard finished — that is, finished with lath and plaster — throughout, the first story only being so finished while the upper story was cloth finished; that is, finished with

muslin tightly stretched and covered with paper.   The policy provided "that any false representations by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an over valuation, or any misrepresentation whatever, either in a written application or otherwise," should render the insurance void.

*Held,* that the application represented that the whole house was hard finished, and that as this was false the policy was void.   (DAVIS, P. J., dissenting.)

After the fire occurred the agents of the Paterson Company declined to pay the loss to the party whom it had insured, upon the ground that the insured had made the said representation as to the character of the house, verbally, at the time the original policy was issued.   In an action brought against the Paterson Company, which, acting in concert with the agents of the St. Paul Company. defended it upon that ground, the Paterson Company was defeated:

*Held,* that the fact that the St. Paul Company took part in the defense of the former action brought against the Paterson Company did not prevent it from defending the present one; that in the first action the question was whether or not such a representation had been made, while in this one the making of the representation was conceded and the question was as to its construction and the effect of its falsity upon the validity of the policy.

APPEAL from the judgment recovered upon the trial of this action before the court without a jury.

*N. B. Hoxie,* for the appellant.

*Preston Stevenson,* for the respondent.

DANIELS, J.:

The recovery was for an amount agreed to be paid defendant in case of loss by fire, in a policy of re-insurance issued by it to the Paterson Fire Insurance Company.   The latter company had issued its policy upon the same property for the sum in the aggregate of forty-five hundred dollars; three thousand of this amount was on the building and fifteen hundred on furniture, beds and bedding contained therein; and the defendant insured the Paterson Fire Insurance Company against loss and damage by fire to this property to the extent of fifteen hundred dollars.   On the 25th or 26th of September, 1876, a fire occurred which destroyed and injured the property insured by the Paterson Company to the amount of forty-one hundred dollars.

The agents of that company, acting in concurrence with the agents of the defendant, declined to pay the loss, and an action for its recovery was afterwards, and within the time limited by the policy,

commenced in the United States Circuit Court for the district of California. That action was in like manner defended, but a verdict was recovered in favor of the insured, and afterwards in part paid by the company, and the residue by the plaintiff after his appointment as receiver. Within one year from the time of the final payment, this action was brought against the defendant to recover the amount agreed to be paid in case of loss by its policy, and that action was resisted upon the ground that a false representation had been made concerning the condition of the property on which the original insurance was made. When the Paterson Fire Insurance Company applied to the defendant for a policy of re-insurance, an application was produced to it, which was made and subscribed by the agent of the Paterson Fire Insurance Company, when the application for the original policy was made. By this application the property to be insured was mentioned as a " story and one-half story hard finished frame boarding-house building, known as Willow Glen Cottage, situated about two miles south-west of the city of San Jose," etc., *  *  *  *  "and fifteen hundred dollars on furniture, beds and bedding contained therein." The defendant's policy was issued upon this application, and it was made to appear by the evidence produced during the trial that the building referred to was not what was known as "hard finished" above the first story. The lower story of the building was hard finished, that is, it was finished with lath and plaster; but the half story above was no part of it finished in that manner; that was finished by what is known as "cloth finish," which was made by muslin cotton cloth stretched across and drawn close; that was sometimes papered and in other instances not papered.

The witness who gave this evidence, which was not contradicted, stated that the partitions were made of muslin with paper over it, instead of lath and plaster. The right of the plaintiff to recover upon the defendant's policy was resisted because of this manner of finishing the upper portion of the building. And in support of the defense this was stated by the two witnesses sworn on behalf of the defendant to have been a fact material to the risk, for the insurance of which a higher premium would be exacted, to the extent, as it was stated by one of the witnesses, of one-half per cent. This misdescription contained in the application was not relied upon by the

answer, as it might have been as a breach of warranty, but the defense was placed upon the ground of false representations and concealments concerning the character, condition, nature and materials used in, and the manner and construction and interior finish of, the building insured. No more particular statement was made of the alleged false representations, or concealment, and for that reason it has been urged in support of the judgment, that the answer disclosed no defense of this character. But while the allegations contained in it were very broad and general, they still did include the defense that false representations had been made in obtaining the defendant's policy of insurance, and upon the trial of the action no objection was taken that the answer in this respect was in any manner deficient; but the facts as they were relied upon and established, were shown without any reference being made to the defective condition of the defendant's pleading. And this objection for these reasons requires to be disregarded.

If the plaintiff was dissatisfied with the general allegations contained in the answer, an application should have been made under section 546 of the Code of Civil Proceedure, to render it more definite and certain; and as that was not done, and the plaintiff does not appear to have been misled by the defective statement of this defense, the judgment cannot be sustained merely because the answer was not more particular or specific in describing the false representations intended to be relied upon. The variance, if there was one, between the answer and the proof which was particularly made, was required to be disregarded, as it was by the court, by section 539 of the Code of Civil Procedure.

The point consequently is presented for consideration, as it was upon the trial, whether there was a misrepresentation made by the Paterson Fire Insurance Company for the defendant's policy of reinsurance? For if there was then the policy was void, for it was provided in it "that any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk or an over valuation, or any misrepresentation whatever, either in a written application or otherwise," should render the insurance void. And as the policy was issued upon the application containing the statement already mentioned, the question arises whether it contained a false repre-

sentation as to the condition of the property ; and that it did would seem to follow from the fact that the building insured was not what was known as " hard finished."

The representation was that it was "a story and half-story hard finished frame boarding-house building," which by the ordinary import of the language made use of was a representation that both the first and the half-story above it were finished with the hard finish.  It was not merely a representation that it was a hard finished building, or that the hard finish extended, so far as it had been finished at all, but the representation was made in such language as to include the whole building and to convey the impression that both the story and the half-story had been finished in this manner, for the building was mentioned as a story and one-half story hard finished building.

If the defense had been placed upon the clause in the policy rendering this description a warranty, as the warranty was untrue, it would clearly have required to have been sustained, for a warranty upon which an insurance has been made must be substantially and literally true to maintain the liability of the party making the insurance ; and the statement made in the policy on this subject was neither substantially nor literally true.

In *Lappin* v. *Charter Oak Insurance Company* (58 Barb., 325) the property insured was described as a dwelling-house, when it was in fact used as a saloon, and that was considered to be sufficient to invalidate the policy.   (Id., 348.)

In *Merwin* v. *Star Fire Insurance Company* (7 Hun, 659) the property insured was represented to be a dwelling-house, but the cellar was used for the storage of articles, and that was considered sufficient to avoid the policy.

In *Chase* v. *Hamilton Insurance Company* (20 N. Y., 52) the risk was described by the appellant as a stone dwelling-house, and the policy was issued upon that application.  The stone building was shown to have had a wooden kitchen attached to it, and that was held to avoid the insurance.

The representation in the case of *Wall* v. *East River Insurance Company* (3 Seld., 370) was that the stock was contained in a brick building occupied as a storehouse.  It appeared that a part of the building was used for hackling hemp and spinning it into rope-

yarns, and for that reason it was held that the warranty upon which the insurance issued was broken.

These authorities are directly applicable to the point now under consideration, for although no breach of warranty was alleged in the answer the misrepresentation concerning the condition of the building was relied upon, as it could be under the policy, as a false statement by way of defense, and as a false statement it was entitled to the same weight and effect as the defense of a breach of warranty would have been under the same circumstances; for where the policy has declared, as was done in the defendant's policy, that any misrepresentation whatever, either in a written application or otherwise, should avoid the policy, the fact is entitled to have the same effect, when relied upon as such, as it would have if the defense of a breach of warranty was set forth in the answer.

In this respect the case differs from that of *Barteau* v. *Phœnix Insurance Company* (67 N. Y., 595), where it was held that a misrepresentation in the absence of fraud must be of some fact material to the contract, for here the declaration contained in the policy is that any misrepresentation whatever should avoid the policy; and such was held to be the effect of a mere misrepresentation, whether material or not, under a similar clause in *Graham* v. *Fireman's Insurance Company* (87 N. Y., 69).

In the present case, however, uncontroverted evidence was given to the effect that the misrepresentation was of a material fact; and under either of these authorities, therefore, it would have the effect of voiding this insurance, for the building was not a story and half-story hard finished building, but it was hard finished below and cloth finished above. That rendered the representation untruthful, and a misrepresentation of the condition of the property insured, and as a legal consequence avoided the insurance.

An effort has been made to avoid this result by the course taken on the defense in the action in the United States Circuit Court against the Paterson Fire Insurance Company upon its policy. But, assuming that the defendant in this action joined in that defense so far as to conclude itself by the judgment which was recovered, still that will not sustain the plaintiff's action, for no representation in writing was made to the Paterson Fire Insurance Company by the assured named in the policy. The written

representation was, on the contrary, made by the person who in the employment of the agents of the Paterson Insurance Company obtained the risk. That was done without any authority or direction from the person whom the Paterson Insurance Company insured. The false representation concerning the condition of the building contained in that application was, therefore, not made by the person who received the insurance, but it was made by an individual who was in the employment of the agents of the Paterson Insurance Company. The liability of that company for the loss under its policy could not, therefore, be resisted because of a false representation contained in the written application for that policy. But the Paterson Insurance Company presented as its defense in that action the actual making of such a representation orally by the person to whom the policy was issued — that was the defense upon which that action appears to have been tried. Evidence was given to maintain it, from which it was claimed that the owner of the building had in fact stated and represented it to be a hard finished building; that, however, was denied by him, and the evidence upon his part tended to support the truth of this denial; and also that the person who applied to him for the insurance was actually informed of the fact that the upper part of the building was cloth finished, and that, if true, the court held to be an answer to the defense which was made in that action, and the rule so applied would have been observed if the action on the policy had been brought in this State. ( *Woodruff* v. *Imperial Fire Ins. Co.*, 83 N. Y., 133, 140.)

The judgment in that action proceeded upon an entirely different issue from that which was presented by the answer in this action, and for that reason this defendant would not be concluded from making the defense now presented by it, even though it should be held to be bound by that judgment, for a judgment is conclusive upon the parties thereto only in respect to the grounds covered by it and the law and facts necessary to uphold it; and although a decree in express terms purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue and the controversy did not turn upon it the decree will not conclude the parties in reference thereto. ( *Woodgate* v. *Fleet*, 44 N. Y., 1, 13, 14.)

The misrepresentation relied upon as a defense by the defendant in that action was found not to have been made by the person insured by the Paterson Fire Insurance Company, while in the present case it was proved by the fact that an application for the defendant's policy of reinsurance containing a statement of this misrepresentation had been made to the defendant, and that it formed a material part of the basis on which its policy was issued.

The defense in this action was entirely distinct and different, therefore, from that presented and considered in the action brought against the Paterson Fire Insurance Company, for it depended wholly upon the fact that the misrepresentation was made by the Paterson Fire Insurance Company itself to the defendant.

This was not and could not have been within the scope of the issue in the other action, and consequently could not have been tried or disposed of at that time. The fact was peculiar to the present case, for the assertion of its existence was contained in the application presented by the Paterson Fire Insurance Company and acted upon by the defendant, and it was at liberty to rely upon this misrepresentation as a defense, notwithstanding the failure of the defense made in the action against the Paterson Fire Insurance Company, which depended wholly upon the alleged fact that the person insured had made a similar oral misrepresentation to the person in the employment of the agents of that company when he applied to him for the insurance.

It is not necessary to determine whether this action should have been brought within the period of twelve months after proofs of loss were furnished, as the defendant's policy in one of its clauses required that to be done, for the misrepresentation that was made was sufficient to defeat the plaintiff's right to recover upon the policy issued to it. It may be probable, however, that under the clause providing for the time and manner in which the payment should be made, if the defendant was liable, that this case should be excluded from the effect of the authorities which have been relied upon by the defendant, for it was provided further by the defendant's policy that the *pro rata* clause contained in it should attach in case of the bankruptcy, insolvency or other failure of the company reinsured ; and that failure could not very well become known until the time had expired within which it should make, or fail to make,

payment of the loss.   But, as already observed, it is not at present important to consider this part of the case.

There was a misrepresentation made by the Paterson Fire Insurance Company for this policy of reinsurance; and that misrepresentation, by the express language of the policy, rendered it void.

The judgment on account of this circumstance was not warranted. It should accordingly be reversed and a new trial ordered, with costs to abide the event.

HAIGHT, J., concurred.

DAVIS, P. J. (dissenting):

In my opinion the words "story and a half-story building" relate to and are only a description of the size of the building, and the word "hard-finished" does not necessarily assert that the building is so finished throughout.

The word "hard-finished" is properly applicable and may be correctly used to describe a building which is thus finished in its main and most important story, but otherwise finished on its upper floor or in its attic.   It is quite probable that in the State where the building in question was located, one finished as this was, is called and known descriptively as "hard-finished," to distinguish it from one finished with wood or other material throughout its main stories.

I think the judgment should be affirmed.

Judgment reversed, new trial ordered, costs to abide event.