### ARFF v. STAR FIRE INS. CO.

*(Supreme Court, General Term, Third Department. July 2, 1888.)*

INSURANCE—AGENTS—INSURANCE BROKER.

    A broker in the employment of a firm of insurance agents, whose sole duty is to solicit insurance for them on commission, having a desk in their office, and soliciting for no one but them, is not such an agent of the firm that notice to him of additional insurance obtained by a policy-holder, whose insurance was issued by them upon the solicitation of the broker, is notice to the firm. LANDON, J., dissenting.

Action by Daniel Arff against the Star Fire Insurance Company, on fire insurance policy. Judgment for defendant, and plaintiff appealed.

Argued before LEARNED, P. J., and LANDON and INGALLS, JJ.

*T. S. Fagan,* for appellant. *E. L. Fursman,* for respondent.

LEARNED, P. J. The question in this case is whether there was evidence which should have been submitted to the jury tending to show that one Strecker was such an agent that notice of additional insurance given to him was notice to MacDonald & Van Allstyne, the undisputed agents of the defendant. MacDonald & Van Allstyne were agents for defendant in Troy, authorized to do business for it, and to countersign the policies. They had also other companies. They had Strecker in their employment, working for them as a broker, soliciting insurance on commission for them, and for them only. Strecker did not take other fire insurance than theirs. He solicited insurance, and brought it to the office. If they approved, they took it. He used a desk in their office. Strecker solicited from plaintiff the insurance which the company, through these agents, issued. After the policy had been issued, plaintiff spoke to Strecker about having another policy, and told him he would like to give this additional insurance to one Fromann. He got another insurance through Fromann, and told Strecker he had obtained it, —$600 on stock, and $500 on furniture. MacDonald & Van Allstyne had authority to consent to additional insurance.

We are unable to distinguish this case from that of *Mellen* v. *Insurance Co.,* 17 N. Y. 609, and *Devens* v. *Insurance Co.,* 83 N. Y. 168. The only differ-

ence is that Strecker occupied a desk in the office of defendant's agents, and acted exclusively, in obtaining insurance, for them as to fire insurance. But it is not shown that he did anything for them. He solicited; that is, he applied to people desiring, or who might desire, insurance, and urged them to become insured in the companies of which McDonald & Van Allstyne were agents. But he entered into no contracts himself; and nothing which he did in soliciting bound MacDonald & Van Allstyne, or their companies. Still less would anything bind them which he did after the policies had been issued. We think there was nothing for the jury. Judgment affirmed, with costs.

INGALLS, J., concurs.

LANDON, J., (*dissenting.*) Conceding that a broker who merely solicits insurance risks from the property owners, and procures the company to accept them, is not the agent of the company, and that notice to him of additional insurance is not notice to the company, I nevertheless think that the evidence in this case tended to show that Strecker occupied to MacDonald & Van Allstyne, who were the authorized agents of the defendant, such a relation, and was so far in their employment, and represented them, that notice to him was given to and received by him in his capacity as their representative. The effect of that evidence should have been passed upon by the jury. It is not clear to my mind that Strecker was any broker at all. He solicited insurance solely in the interest of the firm of MacDonald & Van Allstyne, was in their employment, had a desk in their office, and the measure of his pay depended upon the amount of the business he brought in. He did business in the agent's office exclusively for them. The plaintiff offered to prove, but was not permitted, that MacDonald & Van Allstyne did a considerable part of their business by the hand and help of their employes. Their firm, so far as the plaintiff and others dealing with it were concerned, consisted of those who, with the consent and under the employment of MacDonald & Van Allstyne, occupied the office, and attended to the business which came within the scope of the agency which the defendant had intrusted to them. I advise reversal.