FREDERICA PREUSTER, RESPONDENT, *v.* THE SUPREME COUNCIL OF THE ORDER OF CHOSEN FRIENDS, APPELLANT.

*Benefit societies — misrepresentations in an application — receipt of dues by the society, pending an investigation, not a waiver.*

A member of a foreign mutual benefit association falsely stated his age in his application for membership, and this misrepresentation was, by the terms of the contract, attended with the penalty of absolute forfeiture of all rights. Charges were made upon this ground before a local lodge, and while an investigation was pending its secretary notified the member to pay, and received from him, dues which were properly payable under the conditions of membership.

*Held*, that such receipt of dues was not a waiver of the alleged forfeiture; that, until the charge made was proved to be true, the member remained in good standing and was bound to make, as the association was bound to receive, the customary payments.

APPEAL by the defendant, the Supreme Council of the Order of Chosen Friends, from an order, entered in the clerk's office of the county of Niagara on the 19th day of January, 1891, granting a new trial upon a case and exceptions made by the plaintiff, after a trial at the Niagara Circuit before the court and a jury.

The defendant was incorporated in the State of Indiana, but was doing business in the State of New York under its laws, and was described in its answer as a "fraternal assessment insurance order."

*John E. Pound,* for the appellant.

*Frank Brundage,* for the respondent.

DWIGHT, P. J.:

The action was to recover on a beneficiary certificate of membership in the defendant association, issued to one C. C. Reim and payable in case of his death to the plaintiff, his sister. The defense was founded upon a material misrepresentation in respect to his age, contained in the application of the insured, and the plaintiff sought to avoid the defense on the ground of waiver.

The statement of the insured in his application made May 23, 1882, was that he was sixty years old, and that he was born on the 4th day of February, 1822; the undisputed evidence showed that he was more than sixty-one years of age, the plaintiff herself testifying that he was born on the 4th day of February, 1821. The misrepresentation was material, because, as appears by the table of rates contained in the by-laws of the defendant and printed on the face of the certificate itself, no person was eligible to a beneficiary membership who was past the age of sixty-one years, and by the express terms of his application it worked a forfeiture of all his rights under the certificate. The language of the application in that respect was as follows: "I do hereby further consent and agree that any untrue or fraudulent statement made above," and the representation as to his age and date of birth preceded that stipulation, * * * "or my suspension or expulsion from * * * the Order, shall forfeit my rights to all benefits and privileges therein."

Here, by the express terms of the contract, was an absolute forfeiture of all rights otherwise secured by it, which was fatal to the plaintiff's cause of action unless the defense was in some manner avoided. It was upon the ground of such forfeiture that the learned judge at the circuit directed a verdict for the defendant; it was upon the ground that the jury should have been permitted to pass upon the question whether the forfeiture was waived, that the same

judge, at Special Term, granted the motion for a new trial. We think the direction of a verdict was correct and that the motion for a new trial was improperly granted.

Without stopping to consider several questions raised by the argument, as to whether the term forfeiture is properly applied in the case of a contract which was void from the beginning; whether the officers of a subordinate and local council of the defendant have any power to waive such a forfeiture, or any other, and whether such a forfeiture can be waived, even by the general officers of an association such as the defendant; without discussing any of these questions, we find a complete answer to the theory of waiver in the fact that the officer charged with the act of waiver had no knowledge of the facts out of which the forfeiture arose.

The narrative of the case in this connection is as follows: The member had suffered an attack of paralysis and had made application for relief for total disability, which was within the provisions of the certificate, when a charge was lodged against him with the local counsel, with a view to his expulsion, to the effect that he had procured his certificate by a fraudulent representation as to his age. The charge was entertained and investigated, and means were taken to obtain evidence on the subject from his birthplace in Germany. While this investigation was pending, and while the evidence from Germany was expected, two assessments were made in the ordinary course of the business of the defendant. Of these assessments the insured, in this case, was notified in the usual manner by the secretary of the local council, and payments of the same were received when offered. There was at this time nothing to charge the secretary or the council with knowledge of the facts which gave rise to the forfeiture. It was known that the charge of fraud had been made against the insured, but the secretary or the council had no knowledge that the charge was true. They were bound to presume it not true until it was proved. They had no right to refuse payment of an assessment by a member so long as he continued a member in good standing, and the standing of the member in this case was unaffected by charges not yet proved. The case is not one in which information which puts the recipient on inquiry has the effect of knowledge of the facts. The council and its officers were, in truth, put upon inquiry, and the inquiry was being

prosecuted officially; but, in the meantime, there were assessments to be made and collected; the standing of the insured was yet unaffected; and he was as much liable and as much entitled to be notified of and to pay his assessments as any other member. Neither the secretary nor the council could prejudge his case pending its investigation, and neither had the right to withhold notice or to refuse the payment of his assessments. For these reasons there was 'no waiver of the forfeiture in question which was to be inferred from the acts of the secretary in levying and collecting these assessments. (*Barteau* v. *Phœnix Mut. Life Ins. Co.*, 67 N. Y., 595; *Devens* v. *Mech. and T. Ins. Co.*, 83 id., 173; *Robertson* v. *Met. Life Ins. Co.*, 88 id., 541.)

We discover no error on the trial which was to the prejudice of the plaintiff. The copy of the entry in the Baptismal Register of St. Stephen's Church, at Langensalza, Saxony, was inadmissible as evidence in this case, and was immaterial as evidence of what was before the committee of the council on their investigation; but it was not to the prejudice of the plaintiff, because her own and other undisputed testimony established the fact of the false statement in the application of the insured. We find in the case no error which vitiates the verdict rendered by direction of the court. That direction seems to have been correctly given.

The order granting a new trial must be reversed.

MACOMBER, J., concurred.

Order appealed from granting a new trial reversed, and judgment directed for the defendant on the verdict.