WILLIAM GRAHAM, Appellant, *v.* THE FIREMAN'S INSURANCE COMPANY, Respondent.

Where a policy of fire insurance contained a clause declaring it to be void, "in case of any misrepresentation whatever, either in the written application or otherwise," a misrepresentation will avoid the policy, and this, without regard to the question as to its materiality to the risk.

*Owens* v. *H. P. Ins. Co.* (56 N. Y. 568), distinguished.

Defendant issued to plaintiff two policies of insurance; at the time of the application for the first policy plaintiff's agent, who made the application, stated in answer to an inquiry as to ownership, that "Mrs. Catharine E. Jack, widow of Capt. Jack," was the owner, and was going to keep a first-class hotel on the premises, and the policy was made out insuring Catharine E. Jack, loss, if any, payable to plaintiff as mortgagee. When application was made for the second policy the agent stated that there was a mistake in giving the name, that it should be Margaret instead of Catharine in the first policy, which was altered accordingly, but he repeated the statement that the owner was the widow of Capt. Jack. The title to the property was in Margaret E. Jack, an infant three years of age, who had no general guardian. The policies contained the condition above stated. *Held*, that the misrepresentation was material; and that it was not error for the court to refuse to submit that question to the jury.

The policies each contained a clause that the interest of the mortgagee should not be invalidated by any act of the mortgagor or owner. *Held*, that plaintiff was not relieved thereby from the condition; that the misrepresentation could not be regarded as an act or neglect of the owner.

(Argued October 21, 1881; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, in favor of defendant, entered upon an order made the first Monday of December, 1880, overruling plaintiff's exceptions and directing judgment on a verdict.

This action was brought upon two policies of fire insurance, issued by the defendant upon what was known as the Bon Ton Hotel, at Flatbush, L. I.

At the time of the application for the first policy, the agent of the plaintiff, in answer to specific inquiries, stated that the owner of the property was "Mrs. Catharine E. Jack, the widow of Capt. Jack of Brooklyn, who was going to keep a first-class

hotel upon the property," and the policy insured Catharine E. Jack, loss, if any, payable to plaintiff, as mortgagee.

At the time of the application for the second policy, it was stated by plaintiff's agent to the defendant that there was a mistake in the given name of the assured ; that it should be Margaret, but that the party was the same. The first policy was altered accordingly, and the second policy was issued to Margaret E. Jack. These representations were untrue ; Margaret E. Jack, who had the title, was not an adult, nor a widow, and did not conduct the hotel, but was an infant child three years old, having no general guardian.

The policies contained this condition :

" If an application, survey, plan or description of the property herein insured is referred to in this policy, such application, survey, plan or description shall be considered a part of this contract, and a warranty by the assured, and any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an overvaluation or any misrepresentation whatever, either in a written application or otherwise .
\*   \*   \*   \*   \*   then and in every such case this policy shall be void."   , ·

The policies also contained this clause :

" It is hereby agreed, that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy."

*James C. Cloyd* for appellant. The court erred in holding that the language in the policy touching the effect of " any misrepresentation whatever" was a warranty, and in directing judgment for the defendant. (May on Ins., § 164, pp. 170–1 ; *Ripley* v. *Ætna Ins. Co.*, 29 Barb. 552 ; May on Insurance, § 181, p. 190 ; Flanders on Insurance, 360 ; 1 Phil. on Insurance, § 529, p. 729 ; *Daniels et al.* v. *Hudson River Fire Ins. Co.*, 12 Cush. 416 ; *Campbell* v. *N. E. Mut. L. Ins. Co.*, 98

Mass. 381; *Nichol* v. *Am. Ins. Co.*, 3 W. & M. [U. S. C. Ct.] 529; *Hoffman* v. *Ætna F. Ins. Co.*, 32 N. Y. 405; *Walsh* v. *Wash. Ins. Co.*, id. 427, 442; *Daniels* v. *Hudson Ins. Co.*, 12 Cush. 416; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend. 72; *Herrman* v. *Merch. Ins. Co.*, 81 N. Y. 184; *Bumstead* v. *Dividend Mut. L. Ins. Co.*, 12 N. Y. 93; *Goit* v. *Nat. Pro. Ins. Co.*, 28 Barb. 195; *Van Schaick* v. *Niagara Ins. Co.*, 68 N. Y. 438.) As above shown, the misrepresentation, to avoid a risk, must be proved material, and whether material or not, was a question of fact for the jury. (*Wall* v. *Howard Ins. Co.*, 14 Barb. 383; *Clark* v. *N. E. Mut. Ins. Co.*, 6 Cush. 342; Flanders on Insurance, 224–5; Bates' Digest of Fire Ins. Decisions [3d ed.], 550–1; *Church* v. *Lafayette F. Ins. Co.*, 66 N. Y. 222; *Washoe Tool Co.* v. *Hibernia F. Ins. Co.*, 66 id. 613; *Ins. Co.* v. *Chase*, 5 Wall. 509; *Graham* v. *Phœnix Ins. Co.*, 17 Hun, 156; *Grant* v. *Howard Ins. Co.*, 5 Hill, 10; *Townsend* v. *Northwestern Ins. Co.*, 18 N. Y. 168; *Leroy* v. *Park Ins. Co.*, 39 N. Y. 56.) A verbal representation, in order to vitiate a contract of insurance, must relate to some past or existing fact, material to the risk; and a representation in the nature of a promise or stipulation for future conduct on the part of the insured must be inserted in the policy, or the underwriters cannot avail themselves of it. (*Mayor of N. Y.* v. *Brooklyn F. Ins. Co.*, 4 Keyes, 465; *S. C.*, 3 Abbott's Ct. of App. Cases, 251; *Houghton* v. *M'fr's Ins. Co.*, 8 Metc. 114; *Jones Mfg. Co.* v. *Ins. Co.*, 8 Cush. 83.) Where there has been a breach of a condition in an insurance policy, under which the company might claim it was avoided, the company may waive the forfeiture. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Brink* v. *The Hanover Ins. Co.*, 80 id. 108; Taylor's Landlord and Tenant [5th ed.], § 287; 1 Smith's Lead. Cases, 20 a; *Lloyd* v. *Crispe*, 5 Taunt. 249; *Doe* v. *Miller*, 2 C. & P. 348.) The mortgage clause was intended by the parties practically to dispense with the conditions of the policy, and the mortgagee received the policy with those conditions in effect stricken out. (*Hastings* v. *Westchester F. Ins. Co.*, 73 N.Y. 141, 146–7, 153; *Ulster Co. Savings Inst.* v. *Leake*, id. 165; 12 Hun, 416;

*Foster* v. *Van Reed*, 70 N. Y. 19.) All negotiations and statements of the class proved by defendant were in fact merged in the policy, and parol evidence could not be given of them. (*Alston* v. *The Mech. Mut. Ins. Co.*, 4 Hill, 329, 344.)

*N. B. Hoxie* for respondent. Evidence of plaintiff's misrepresentation was pertinent to the defense pleaded. (May on F. & L. Ins. 192, § 183 ; May on Ins. 122, § 122.) Misrepresentation having been conclusively proved, and there being no contradiction, conflict or question, defendant was entitled to a direction of a verdict in its favor. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 508 ; May on Ins. 204, § 195 ; *Van Schaick* v. *Niagara Ins. Co.*, 68 N. Y. 434 ; *Egan* v. *Mut. Ins. Co.*, 5 Den. 326, 328 ; 1 Phil. on Ins. 346 ; Ellis on Ins. 28 ; Hughes on Ins. 308 ; *Chaffe* v. *Cattaraugus Co. Ins. Co.*, 18 N. Y. 376, 378 ; 1 Phil. on Ins. chap. 9, § 10, p. 410 [2d ed.] ; *Anderson* v. *Fitzgerald*, 4 H. L. Cas. 484 ; *Jeffries* v. *L. Ins. Co.*, 22 Wall. 47.) The insurer has a right to rely upon the statements of the assured, and is not bound to make any inquiry beyond that made of the assured himself. (Wood on Ins., § 159 ; *Shoemaker* v. *Glens Falls Ins. Co.*, 60 Barb. 84, 101 ; Angell on Ins., § 152 ; 1 Phil. 105 ; 2 id. 504 ; *Wells* v. *Howard Ins. Co.*, 14 Barb. 383 ; *Birmingham* v. *Empire Ins. Co.*, 42 id. 457 ; *Davenport* v. *N. E. F. Ins. Co.*, 6 Cush. 340 ; *Gould* v. *York Co. M. F. Ins. Co.*, 47 Me. 409 ; Wood on F. Ins., § 216, p. 423, § 214, p. 422, § 218, p. 423 ; *Wilson* v. *Conway Ins. Co.*, 4 R. I. 141 ; *Browning* v. *Home Ins. Co.*, 71 N. Y. 508 ; *Burritt* v. *Saratoga Ins. Co.*, 5 Hill, 188.) Independent of the express provision of the policy as to any misrepresentation and regarding only the nature of the contract, and the fundamental rules applicable to contracts of insurance, the matters misrepresented were material to the risk, and would be so held as matter of law. (*Bowery Fire Ins. Co.* v. *N. Y. F. Ins. Co.*, 17 Wend. 359 ; *Columbia Ins. Co.* v. *Lawrence*, 2 Pet. 25, 49.) Where such stipulation exists, and there is no conflict in the evidence, there is nothing for the jury to pass upon. (*Anderson* v. *Fitzgerald*, 4 H. L. Cas.

484; Wood on Ins., § 177; *Appleby* v. *Astor F. Ins. Co.*, 54 N. Y. 253, 258; *Leitch* v. *Atlantic Ins. Co.*, 66 id. 100, 106; *Savage* v. *Howard Ins. Co.*, 52 id. 502, 504; *Hinman* v. *Hartford Ins. Co.*, 36 Wis. 159; *Patten* v. *Merchants & F. Ins. Co.*, 38 N. H. 338, 344; *Hayward* v. *N. E. M. F. Ins. Co.*, 10 Cush. 444.) Whether the misrepresentation was fraudulent or not is a question of no importance, and one not involved in the case. (*Burrett* v. *Saratoga Ins. Co.*, 5 Hill, 193; Wood on Ins. 422, § 218; *Davenport* v. *N. I. M. F. Ins. Co.*, 7 Cush. 340; *Gould* v. *York Co. Ins. Co.*, 47 Me. 409; *Carpenter* v. *Am. Ins. Co.*, 1 Story's C. C. 57; *Bowery F. Ins. Co.* v. *N. Y. F. Ins. Co.*, 17 Wend. 367; *Shirley* v. *Wilkinson*, Doug. 306; *Kohne* v. *Ins. Co. N. A.*, 1 Marsh. Ins. 743, note; *Carter* v. *Boem*, 3 Bur. 1909; *Thompson* v. *Buchanan*, 3 Bro. Parl. Cas. 482; Phil. on Ins. 80; *Brueck* v. *Phœnix Ins. Co.*, 21 Hun, 542, 544, 545.) The parties have determined, by their agreement, the conditions of the liability and the extent of the obligations of the insurers, and they can only be held liable in accordance with "the terms of the agreement and within the conditions of the obligation." (May on Ins., § 217; *Hinman* v. *Hartford Ins. Co.*, 36 Wis. 159.)

MILLER, J. The first condition in each of the policies of insurance upon which this action was brought provides that if any application, etc., is referred to in the policy, it "shall be considered a part of this contract, and a warranty by the assured." It is then stated that if any false representation by the assured, of the condition, etc., of the property shall be made, or any omission to make known any fact material to the risk," etc., "or any overvaluation, or any misrepresentation whatever, either in the written application or otherwise," and after enumerating other things, concludes that "then and in every such case this policy shall be void." The evident meaning and purpose of the concluding clause is, that if any of the conditions named are violated, the policy shall be avoided. The judge upon the trial held that the provision touching any misrepresentation

was a warranty which prevented a recovery, and directed a verdict in favor of the defendant, and the plaintiff's counsel excepted to the ruling.   It is claimed by the appellant's counsel that this was error, for the reason: *First,* that the statement insisted upon as a ground for forfeiture, was a misrepresentation, and if untrue, must be shown to be material, to avoid the policy. *Second,* whether material or not was a question for the jury. We think that the position taken cannot be upheld, and that the true interpretation of the policy is, that it is void in case of any misrepresentation whatever in reference to the particulars which are enumerated.   The concluding clause specifies quite distinctly what should be the result of a violation of any of the conditions named, and giving full force and effect to the phraseology employed, it cannot be questioned that any misrepresentation whatever avoided the policy.   While it may well be that a misrepresentation of a matter which does not affect the risk, and is not material in some cases, as is claimed, will not avoid the policy, and whether it is material is a question for the jury, such rule has, we think, no application whereby the terms of the policy misrepresentations are converted into warranties by a stipulation that an untrue answer will avoid the policy.  (May on Insurance, 104, § 195.)  If it is stipulated that if there is any misrepresentation whatever, the contract should be void, it is of no importance whether it is a warranty or a representation.   The materiality is contracted for and under the rule as to warranties is not a subject of consideration.   A condition in a policy, that if a building stands on leased ground, that fact must be especially represented to the company and expressed in the policy, is ordinarily considered as a warranty that the building did not stand on leased ground, and the truth of that warranty becomes a condition precedent to any liability of the insurer.   (*Van Schoick* v. *Niagara Fire Ins. Co.,* 68 N. Y. 439.)   So also, a provision that if the insured suffer any judgment or decree as a lien to pass against him, without communicating it to the insurer, it is held to be an express warranty.   (*Egan* v. *M. Ins. Co.,* 5 Den. 326.)

In *Anderson* v. *Fitzgerald* (4 H. of L. Cas. 484), false answers were made to questions contained in the proposal for life insur-

ance, and it was agreed that the particulars mentioned in the proposal should constitute the basis of the contract. Several things were also mentioned that the insured warranted, but nothing was said about false answers. The policy also contained a provision that if any thing warranted should not be true, or if any circumstance material to the insurance shall not be truly stated, or shall have been misrepresented or concealed, or any false statement made to the company in or about the obtaining or effecting the insurance, it should be void. It was held that this prohibited every false statement whatever, whether in matters actually material or immaterial, and leaves no room for dispute whether the particular matter to which it related was material or not, leaving for the company to determine for itself what matters it deemed material, and what not, and that it was error to leave to the jury the question whether the representation was material or false, the question being as to the truth and not the materiality of the representation. The cases cited establish the principle that where the provisions of the contract explicitly declare that it shall be void in case of misrepresentation, and certain conditions which are enumerated are not performed, the truth and not the materiality of the misrepresentations is the real question.

We have been referred to some authorities by the counsel for the appellant which are claimed to hold adversely to the doctrine laid down in the cases already cited, but we think they are not analogous. In *Owens* v. *The Holland Purchase Ins. Co.* (56 N. Y. 568), the application for insurance contained a valuation of the lands and buildings which was excessive, and which contained a covenant that the " valuation, description and survey is true and correct and that they are submitted as his warranty and the basis of the desired insurance." The policy in referring to the application stated that the insurance was " on the following property as described in application." It was held that this only adopted that portion of the application describing the property, and that there was no warranty as to the value. The rule is also laid down that when parts of the application are not adopted and made the

basis of the contract, so as to constitute warranties, they are to be treated as representations, not prejudicing the rights of the insured, unless they are material to the risk, are untrue and were not made in good faith.    This rule must be considered in reference to the facts presented in the case cited and cannot be regarded as adverse to the rule laid down in the cases to which we have referred.

The case cited from the Massachusetts Reports, *Vose* v. *E. L. & H. Ins. Co.* (6 Cush. 47) does not present a state of facts so precisely similar as renders it directly in point, but even if it were otherwise, it cannot control the adjudications in this State.    Although the misrepresentation as to the ownership of the property was oral, it is nevertheless within the rule that such a representation as to a present fact as to the title, situation, use or condition of the property material to the risk may be shown to avoid the contract.    (Wood on Ins. 415, § 212; *Alston* v. *Mechanics' Ins. Co.*, 4 Hill, 329, reversing 1 id. 510.)

This limitation, however, relates to a misrepresentation where there is no warranty.    But where there is a warranty in the policy covering "any misrepresentations whatever, either in the written application or otherwise," the materiality of the representation is not usually controlling.

Even if it be assumed that the materiality of the misrepresentation actually made is important, we think it is sufficiently established that the statement made as to the ownership of the property was material, and that the representation, if untrue, was such a violation of the terms of the policy as rendered it void.    A distinct inquiry was made at the time as to the ownership of the property, of the plaintiff's agent, and a direct and positive answer given.    It was stated by the agent, when the application for the first policy was made, that Mrs. Catharine E. Jack, the widow of Captain Jack, of Brooklyn, was the owner, and that she was going to keep a first-class hotel upon the premises.    When the second policy was applied for it was represented that there was a mistake in giving the name, and that it should be Margaret instead of Catharine in the first policy, and the same was altered; and the same representation

was made again, that the party was the widow of Captain Jack. These statements were untrue, and the evidence showed that Margaret E. Jack was not an adult, but an infant child three years of age, and that the widow of Captain Jack did not keep the hotel.· The representations were also believed by the defendant's agent, and upon the faith of them the policies were issued. The inquiry made evinces that it was material, and it is evident that it was important to the underwriter to know the person who owned the property, and who was to keep the hotel and conduct the business; whether it was one well known or otherwise — an adult who would be likely to exercise proper care over the same, or an infant who would be unable to do so, and who, as the evidence shows in this case, had no general guardian to protect her rights. The insurer has a right to know to what extent the insured has the ability to protect, or an interest in protecting against the perils insured against. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 502, 504.) And in a case like this, when a specific inquiry is made, the question of the materiality of the statement in respect to the risk is settled by the parties as a matter of contract. A broad distinction exists whether the statement is made in answer to inquiries or otherwise. In the one case the answers are made material by the act of the assured, whether they are in fact or not, while in the other case, even though the statements are made a part of the policy, they are not efficacious as warranties, although material in fact. (Wood on Fire Ins. 422, § 214.) This is especially the case when the inquiry calls upon the party to communicate the nature of his interest in the property, and he is bound to answer accurately and at his peril. (*Shoemaker* v. *Glens Falls Ins. Co.*, 60 Barb. 84; *Birmingham* v. *Empire Ins. Co.*, 42 id. 457; *Davenport* v. *N. E. M. F. Ins. Co.*, 6 Cush. 340; Wood on Fire Ins., §§ 216, 218; *Burritt* v. *Saratoga Ins. Co.*, 5 Hill, 188.) The cases which hold that the materiality of a misrepresentation should be submitted to a jury are distinguishable and do not apply where there is an express stipulation as to misrepresentation, and it is manifestly plain, as in the case at bar, that it might have affected the un-

derwriter in taking the risk, had all the facts been disclosed. (See *Anderson* v. *Fitzgerald, supra.*) In the case at bar it was undisputed that an infant of tender years could not, and was *not bound* by reason of this disability to perform the various conditions and provisions of the contract, and that the inability to do so might have been a serious objection had it been known to the underwriter. When the fact as to the materiality is not in dispute, as is clearly the case here, the question is for the court and not for the jury. (Wood on Fire Ins., § 177; *Appleby* v. *Astor Fire Ins. Co.*, 54 N. Y. 253; *Leitch* v. *Atlantic Mut. Ins. Co*, 66 id. 100; *Savage* v. *Howard Ins. Co.*, 52 id. 502.) The question as to a waiver of the right to claim a forfeiture is fully considered in the opinion of the General Term. The defendant has insisted there was no valid claim from the time it was presented, and has not waived its right to defend on the ground that the policy was void. *Titus* v. *Glens Falls Ins. Co.* (81 N. Y. 410) is not analogous, and no case is cited which holds that there was a waiver under circumstances like those now presented to our consideration.

The claim that the condition of the policy in question has no relevancy when the special mortgage clause attached to the policy is considered, and that the plaintiff was relieved thereby from such condition, and that it superseded the same, is not, we think, well founded. This clause provides that the interest of the mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property, and it clearly contemplated a case where the owner could act or could neglect, and not a case where the policy was issued in the name of an infant, who, by reason of its incapacity, could not furnish any protection to the company whatever. A policy obtained through misrepresentation as to the owner cannot fairly be considered as embraced within the meaning of the clause referred to, nor can such misrepresentation be regarded of itself as an act or neglect within the terms of the policy.

The authorities cited by the appellant's counsel to sustain a different position do not apply to the facts here presented.

We think that there was no erroneous ruling as to evidence

which could affect the result, and the judgment should be affirmed.

All concur.

Judgment affirmed.