Isaac S. Cole, as Assignee, etc., Appellant, *v.* The Germania Fire Insurance Company, Respondent.

A policy of fire insurance upon a building was issued by defendant, loss if any payable to a mortgagee named. The policy contained a condition avoiding it in case of "increase of hazard" by the erection of neighboring buildings, but in a "mortgage clause" it was declared that the interest of the mortgagee would not be invalidated by any act or neglect of the mortgagor. The mortgagee, however, was required to notify the company of any increase of hazard which shall come to his knowledge. The policy provided for a renewal, but declared that "in case there shall have been any increase of hazard it must be made known to the company

by the assured at the time of renewal, otherwise this policy shall be void." During the life of the original policy, the insured erected a building near the one insured which increased the hazard. A loss occurred after the expiration of the original policy. In an action thereon a renewal was claimed by plaintiff. It appeared that the broker, who acted on behalf of the insured, and the mortgagee in making the alleged renewal agreement with the company, had knowledge at the time of the erection of the new building, but did not disclose the same. *Held,* that the knowledge of the agent was imputable to his principal, the mortgagee, and that his failure to disclose it avoided the policy, conceding there was a valid renewal agreement.

(Argued March 19, 1885 ; decided April 14, 1885.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1884, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial. ·

This action was brought upon a policy of fire insurance. The material facts are stated in the opinion.

*Edward M. Shepard* for appellant. Insurance contracts may lawfully be made by parol. (*Angell* v. *Hartford F. Ins. Co.,* 59 N. Y. 171 ; *Trustees, etc.,* v. *Brooklyn Co.,* 19 id. 305 ; *Fish* v. *Cottenet,* 44 id. 538 ; *Winne* v. *Niagara Ins. Co.,* 91 id. 185 ; *O'Reilly* v. *Corporation,* 19 Weekly Dig. 147 ; *Ins. Co.* v. *Ins. Co.,* 19 How. [U. S.] 318 ; *Kelly* v. *Commonwealth Co.,* 19 Bosw. 82.) A preliminary oral agreement for a policy, without reference to the length of time it is to run, binds the insurer ; and if the fire occur within the contemplated time, the insurer is liable, although the written policy has not been issued. (*Ellis* v. *Albany City Ins. Co.,* 50 N. Y. 406 ; *Ins. Co.* v. *Colt,* 20 Wall. 560 ; *Angell* v. *Hartford Ins. Co.,* 59 N. Y. 71 ; *Kelly* v. *Commonwealth Co.,* 10 Bosw. 82 ; *Hotchkiss* v. *Germania Co.,* 5 Hun, 90.) Both parties were bound by defendant's declaration to the plaintiff's agent that the policy " was renewed." (*Trustees* v. *B. Ins. Co.,* 19 N. Y. 305 ; *Winne* v. *Ins. Co.,* 91 id. 185.) The fact that the written policy, executed pursuant to agreement and entered on the book

of the company, had not actually been handed to Mr. Hamlin, is of no importance. (*Hallock* v. *Ins. Co.*, 26 N. J. 268; *Kohne* v. *Ins. Co. of N. A.*, 1 Wash. C. C. 93; *Lightbody* v. *N. A. Ins. Co.*, 23 Wend. 18; *Ins. Co.* v. *Colt*, 20 Wall. 560; *Whitaker* v. *Farmers' Union Ins. Co.*, 29 Barb. 312.) The condition of the policy that the premium must be actually paid before defendant was liable, it could waive. (*Bodine* v. *Ex. Ins. Co.*, 51 N. Y. 117; *Trustees* v. *Brooklyn Ins. Co.*, 19 id. 305; *Hotchkiss* v. *Germania Co.*, 5 Hun, 90; *Kelly* v. *Commonwealth Co.*, 10 Bosw. 82; *O'Reilly* v. *Corp*, 19 Weekly Dig. 147.) No tender of the premium was necessary to enable the plaintiff to sue on the policy. (*Washoe Co.* v. *Hibernian Co.*, 7 Hun, 74.) The insurance ran to C. F. Dielmann & Co., and that firm had an insurable interest in the premises, and the death of one partner did not invalidate the insurance. (*Hoffman* v. *Ins. Co.*, 32 N. Y. 405; *Wilson* v. *Ins. Co.*, 16 Barb. 511; *Lockwood* v. *M. Mut. Assurance Co.*, 47 Conn. 553; *Hine* v. *Woolworth*, 93 N. Y. 75; *Burbank* v. *R. Ins. Co.*, 24 N. H. 550; *Georgia H. Ins. Co.* v. *Kinnear*, 28 Gratt. 88.) The interest of Dielmann & Co. in the premises, although not the ownership of the fee or of the leasehold, being a valuable right to occupation, was an insurable interest. (*Rohrbach* v. *Ins. Co.*, 62 N. Y. 47; Wood on Ins., § 266.) The effect of the mortgagee clause is to make the insurance a direct contract with the mortgagee, who is free from responsibility for the owner's acts. (*Hastings* v. *Westchester Ins. Co.*, 73 N. Y. 141.) If this provision of the policy be deemed a warranty, it perhaps does come within the general rule that warranties in an insurance policy constitute conditions precedent. (Arnould's Mar. Ins., part 1, chap. 3; May on Ins., § 156; Wool on Ins., § 176.) The plaintiff in such a case is not required, before he rests, to prove his performance of the warranty or its truth. (*Jones* v. *B. Ins. Co.*, 61 N. Y. 79; *Swick* v. *H. L. Ins. Co.*, 2 Dill. 160; *Seele* v. *Gresham L. Ins. Soc.*, 15 Jur. 11, 61; Wood on Ins., § 245; *Newman* v. *S.*, *etc.*, *Ins. Co.*, 17 Minn. 123; *Ritter* v. *Sun*, *etc.*, *Ins. Co.*, 40 Mo. 40; *Lattawus* v. *Farmers'*, *etc.*, *Ins. Co.*, 3 Houst. [Del.] 404.

Increase of risk means material increase, and additional risk is not necessarily material increase. (*Parker* v. *Arctic Ins. Co.*, 59 N. Y. 1.) Whether the increase of risk be material or not is always a question for the jury. (*Williams* v. *People's Ins. Co.*, 57 N. Y. 274; *Robinson* v. *Mercer Ins. Co.*, 27 id. 134; *Curry* v. *Com. Ins. Co.*, 10 Pick. 535.) If the burden of proving a disclosure of increase of risk, if it existed, were upon the plaintiff, defendant's omission when mentioning other grounds for the dismissal, to mention this defect of proof, was a waiver of it. (*Scott* v. *Morgan*, 94 N. Y. 508; *Cook* v. *Whipple*, 55 id. 150; *Coates* v. *Nat. Bk.*, 91 id. 20.) The question of increase of hazard was one for the jury. (*Clemence* v. *City of Auburn*, 66 N. Y. 338; *Carl* v. *Ayres*, 53 id. 14; *Putnam* v. *Broadway R. Co.*, 55 id. 108.)

*Osborn E. Bright* for respondent. As by the terms of the policy, a "false representation or concealment by the assured or his agent concerning ownership" avoids the policy, the original policy was void at the outset. (*Graham* v. *F. Ins. Co.*, 87 N. Y. 69; *Savage* v. *H. Ins. Co.*, 52 id. 502; *Sherwood* v. *A. Ins. Co.*, 73 id. 447; *Lappin* v. *Charter Oak Ins. Co.*, 58 Barb. 364; *Phelps* v. *Gebhard Ins. Co.*, 9 Bosw. 23; *Wyman* v. *Wyman*, 26 N. Y. 253; Story on Agency [9th ed.], §§ 129, 140; *Proudfoot* v. *Montefiore*, L. R., 2 Q. B. 511; *Ward* v. *Warren*, 82 N. Y. 265; *Dupee* v. *Norwood*, 10 Jur. [N. S.] 851; *Lasher* v. *St. J. F. & M. Ins. Co.*, 86 N. Y. 423.) The "mortgagee's clause" does not protect the mortgagee in this case, because here he is the party committing the breach of conditions precedent to the very existence of the renewal contract. (*Graham* v. *F. Ins. Co.*, 87 N. Y. 69; *Hastings* v. *W. Ins. Co.*, 73 id. 141; *Titus* v. *G. F. Ins. Co.*, 81 id. 410.) Conceding that the plaintiff could have recovered if he had sued upon the alleged contract for a new policy, yet, not having done so, the court had no power to amend the complaint, even if the plaintiff had so requested, and therefore no error was committed in dismissing the complaint. (Code of Civil Pro., § 723; *Van Syckles* v. *Perry*, 3 Robt. 621; *Storrs* v.

*Flint*, 46 Sup. Ct. 498; *Reeder et al.* v. *Sayer*, 70 N. Y.
180; *Southwick* v. *First Nat. B'k*, 84 id. 420.)

Andrews, J. The original policy, dated January 14, 1881,
insured the firm of C. F. Dielmann & Co. against loss or
damage by fire " on their brick building occupied for plan-
ing and wood-working purposes, situate Nos. 547 to 555 West
Twenty-first street," in the city of New York, for one year
from January 19, 1881, in the sum of $1,000, " loss, if any,
payable to W. C. Herrick, mortgagee," and contained a special
clause known as the " mortgage clause." Among the con-
ditions in the policy was one making it void in case of " in-
crease of hazard " by the erection of neighboring buildings.
During the life of the original policy (as was assumed on the
trial, and as the evidence established) Dielmann & Co. erected
on the premises, at a distance of about seven feet from the
main-building, a drying-house constructed of wood, one story
high, intended for the drying of lumber and in which they
placed a large amount of lumber, using therein steam intro-
duced by pipes connecting with a boiler in the main building.
Mr. Hamlin, an insurance broker, who acted as agent for
Dielmann & Co. and also for Herrick, the mortgagee, in
procuring the original policy and in making the alleged re-
newal agreement, testified that " a frame building is more haz-
ardous than a brick building; the close proximity of a frame
building to a brick building ordinarily increases the hazard of
a brick building." Upon this testimony, which was undisputed,
and the uncontroverted facts as to the construction, location
and use of the drying-house, the court was fully justified in
assuming that there had been an increase of hazard. It is self-
evident, and a contrary finding by a jury could not stand. It
follows that if the fire had occurred during the running of the
original policy, Dielmann & Co. could not have maintained
an action. The increase of hazard would have been a
conclusive answer to their suit on the policy. But Herrick, the
mortgagee, would have stood in a different position. By the
express terms of the mortgage clause, his interest in the policy

would not be invalidated by any act or neglect of the mortgagor or owner of the property. (*Hastings* v. *Westchester Fire Ins. Co.*, 73 N. Y. 141.)

The fire occurred February 11, 1882, after the expiration of the original policy, and the plaintiff, who stands in the right of Herrick, the mortgagee, rests his action upon the claim that the policy was renewed and continued for the period of a year from January 19, 1882, by a valid, oral agreement made at that date between Herrick's agent, Hamlin, and the defendant. It was not denied on the trial that there was an oral negotiation between Hamlin and the defendant, to continue the policy, but the latter insisted that it did not result in a final and definite agreement, and also that the premium on the renewal was not paid, payment of which by the clause providing for a renewal is made a condition precedent to any liability for an extended term. It is unnecessary to pass upon these questions, as we have reached the conclusion that the complaint was properly dismissed on the ground that Hamlin did not, when the alleged agreement was made, disclose to the company the fact that the drying-house had been erected on the premises.

The renewal clause in the original policy contains this provision: " This insurance may be renewed by the payment of premium for extended term, duly receipted for, but in case there shall have been any increase of hazard, it must be made known to the company by the assured at the time of renewal, otherwise this policy shall be void." The mortgage clause also provides that the mortgagee shall notify the company of any increase of hazard which shall come to his knowledge, and if not permitted by the policy, shall pay therefor according to the established rates. The increase of hazard by the erection of the drying-house was known to the broker when the alleged renewal agreement was made. This was conclusively established by his testimony. Upon the well-settled doctrine of agency his knowledge is imputable to his principal, and Herrick, the mortgagee, was affected with notice of the fact known to his agent, and a failure by the agent to disclose to the underwriter the increase of hazard put the principal in the same

position as if, with actual knowledge of the increase of hazard, he had personally applied for the renewal and omitted to inform the defendant. (*Dresser* v. *Norwood*, 10 Jur. [N. S.] 851; Story on Ag. [9th ed.], §§ 129, 140.) The increase of hazard by an erection made subsequent to the issuing of the original policy, and prior to the renewal, was a fact material to the risk, and its disclosure by Herrick, the mortgagee, who procured the renewal, was by the clear language of the policy a condition precedent to a continuance of the defendant's liability. The provision in the mortgage clause that the interest of a mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, does not protect the mortgagee's interest in this case for the reason that it is his own act or default, and not that of the mortgagor or owner, which brings the case within the clause avoiding the policy. (*Graham* v. *Fireman's Ins. Co.*, 87 N. Y. 69.)

It is, however, strenuously insisted by the learned counsel for the plaintiff, that there was no proof to justify the assumption made by the trial judge in assigning his reasons for dismissing the complaint, that Hamlin did not at the time of the alleged renewal disclose to the company the fact of the increase of risk, and that the burden of proving such non-disclosure was upon the defendant. The presumption of law is in favor of innocence and against fraud, and upon this ground it has been held that in an action upon a policy of insurance the plaintiff is not bound in the first instance to prove the truth of representations upon which the policy was issued and which formed the basis of the contract, but that the burden of proof is upon the underwriter to establish fraud or concealment, although the truth of the representations, or the disclosure of material facts, may have been a condition precedent to the insurer's liability. (*Fiske* v. *New England Marine Ins. Co.*, 15 Pick. 310; *Leete* v. *Gresham Life Ins. Society*, 15 Jur. 1161; 2 Greenl. Ev., § 398.) Assuming that the present case is within the principle, we are of opinion that the evidence tended to show that the increase of hazard was not disclosed, and that the plaintiff acquiesced in the assumption of this fact made

by the court on the final disposition of the case, and ought not now to be permitted to deny the correctness of the assumption. The witness Hamlin represented the mortgagee in procuring the renewal. The transaction was between him and the agent of the defendant, no other person being present. The interview was at the office of the company, and was very brief, he asking for a renewal and the agent consenting to it. He purports in his testimony to narrate the whole transaction, and no reference is made to any notice having been given of the increased risk. At the conclusion of the testimony the defendant moved to dismiss the complaint on the ground, among others, that the drying-house increased the hazard, and that there was also a change of name without notice to the company. The trial judge, in deciding the motion, said, among other things, " not only was there no premium paid, but a material increase of hazard that had occurred by the construction of the drying-house, was not disclosed." The plaintiff's counsel did not suggest to the judge that he had misconceived the facts upon which his ruling was based, but contented himself with merely excepting to the order dismissing the complaint. Under the circumstances we think it is not open to the plaintiff to raise for the first time on appeal the point that a non-disclosure was not shown.

The conclusion upon the point considered being decisive of the appeal, a discussion of other questions is unnecessary.

The judgment should be affirmed.

All concur.

Judgment affirmed.