GENESEE FALLS PERMANENT SAVINGS & LOAN ASS'N v. UNITED STATES FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department.  April 10, 1897.)

INSURANCE—MORTGAGEE CLAUSE—OWNERSHIP OF PROPERTY.
A provision in a policy payable to the mortgagee of the insured premises that the policy should not be invalidated "by any act or neglect of the mortgagor," does not avoid the effect of a representation that the mortgagor was the owner of the premises, whereas he was only a tenant by entirety, where the application for the insurance, though made by the mortgagor, was at the instance of the mortgagee, and the policy delivered to it.

Action by the Genesee Falls Permanent Savings & Loan Association against the United States Fire Insurance Company on a fire insurance policy.  Plaintiff was nonsuited, and moves for a new trial on exceptions ordered to be heard by the appellate division in the first instance.  Denied.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Alvin Block, for plaintiff.
Nathaniel Foote, for defendant.

ADAMS, J.  This action was brought by the plaintiff to recover upon a policy of insurance issued by the defendant to one Albert Maciejewski.  The policy conformed to the standard adopted in this state, and contained the usual condition "that the entire policy shall be void  *  *  *  if the interest of the insured in the property be not truly stated therein."  It also contained the further provision that the entire policy, unless otherwise provided by agreement indorsed thereon, and added thereto, shall be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."  It appears—and the fact is undisputed—that the title to the premises upon which the insured property was located was in Maciejewski and his wife, as tenants by the entirety, and it is conceded by the plaintiff that

this fact is a violation of the condition last quoted, which, as between the insured and the insurer, vitiates the contract of insurance. It seems, however, that the plaintiff held a mortgage upon the premises in question, and that the policy in suit contained the customary mortgagee clause, providing that the loss, if any, should be paid to the plaintiff as its mortgage interest might appear, and also the further provision, that "this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property." It is now claimed that this provision relieves the plaintiff from the consequences of a failure upon the part of the owner, who, in this instance, was also one of the mortgagors, to truly state his interest in the insured property. It is undoubtedly the settled law of this state that the effect of such a mortgage clause as is contained in the policy in suit is to create a new and distinct contract between the insurer and the mortgagee, by which the latter's interest is insured against loss resulting from fire, without regard to the rights of the mortgagor under the policy, and that this contract is one which will not be affected or impaired by any act or neglect of the mortgagor. Hastings v. Insurance Co., 73 N. Y. 141; Eddy v. Assurance Corp., 143 N. Y. 311, 38 N. E. 307.

The principal question, therefore, which this motion presents is whether or not the omission of Maciejewski to correctly state his interest in the premises upon which the insured building stood is such an "act or neglect" as is within the contemplation of the provision relied upon by the plaintiff. It was said by Rapallo, J., in giving effect to a similar provision in the Hastings Case, supra: "That the defendant cannot set up any defense based upon any act or neglect of the mortgagor, whether committed before or after the issuing of the policy." At first blush this language would seem to furnish authority for the plaintiff's contention that the failure of Maciejewski to state his real interest in the property insured prior to the taking out of the policy was an act or neglect which should not be permitted to impair or affect the plaintiff's independent contract. This, however, is a construction which we believe the language last quoted was not intended to bear, for in a more recent case it was held, with the concurrence of this same learned judge, that "a policy obtained through misrepresentation as to the owner cannot be considered as embraced within the meaning of the clause referred to, nor can such misrepresentation be regarded of itself as an act or neglect within the terms of the policy." Graham v. Insurance Co., 87 N. Y. 69–78. The difference between misrepresentations as to ownership and the failure to disclose a qualified or conditional title is simply one of degree. In either case there is a breach of the condition which is material to the risk, and, if the former do not constitute an act or neglect, the latter certainly cannot. Nor do we have far to look in order to discover an adequate reason for the rule adopted in the case last cited, because such a violation of a material condition of the contract, while in one sense an act or neglect upon the part of the owner, is one which avoids the policy from the out-

set; and therefore there was never any valid policy upon which the plaintiff's independent contract could be made to rest. But, even if this view of the question were untenable, we still think that the plaintiff should not be permitted to maintain its action, for the reason that it is quite as much responsible as Maciejewski for the failure to make known the nature of the latter's title. It is doubtless a fact that Maciejewski made application to the defendant for the insurance which is represented by the policy in suit, and that he likewise paid the premium thereon; but this was done at the instance of the plaintiff, to whose officers the policy was subsequently delivered by the defendant's agent; and they were thereupon placed in a position to know, and were bound to know, better than Maciejewski, who never saw the policy, the conditions which it contained. They must also have known, when they took their mortgage, that Maciejewski was not the sole and unconditional owner of the property therein described; and yet, with this knowledge, they failed to notify the defendant of the real condition of the title, or to take any measures for the correction of the policy in respect thereto. Inasmuch as the insurance was for the exclusive benefit of the plaintiff, whose officers appear to have assumed direction and control of the matter, it would seem that, if the plaintiff was to be furnished any indemnity thereby, its officers were bound by every consideration of good faith to disclose to the defendant what information they possessed respecting the mortgagor's title. This they omitted to do, and such omission made the act or neglect complained of that of the plaintiff, instead of the mortgagor. Consequently the case cannot fairly be said to come within the operation of the mortgage clause. Cole v. Insurance Co., 99 N. Y. 36, 1 N. E. 38.

Our attention has been called to several alleged errors of the trial court in the exclusion of testimony offered for the purpose of establishing the fact that the defendant's agent, at the time the policy was issued, was shown the deed to Maciejewski and his wife, and was thereby informed as to the real condition of the title. It does not appear that these rulings were excepted to by the plaintiff's counsel, and consequently no question is thereby raised for the consideration of this court. But, even if such were not the case, it was subsequently made to appear that the deed was exhibited to the agent at another time, and after the policy in suit had been issued and delivered to the plaintiff. This, of course, was insufficient to establish a waiver of any of the conditions contained in the policy. We think that a nonsuit was properly directed by the trial court, and that the plaintiff's motion for a new trial should be denied.

Exceptions overruled, motion denied, and judgment directed for the defendant, with costs. All concur.