GENESEE FALLS PERMANENT SAVINGS AND LOAN ASSOCIATION, Plaintiff, *v.* UNITED STATES FIRE INSURANCE COMPANY, Defendant.

*Insurance — mortgagee clause — it does not cover a failure of the mortgagor to state his interest correctly — neglect of the mortgagee to disclose the state of the title.*

A mortgagee clause providing that "this insurance as to the interest of the mortgagee or trustee only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property," attached to a policy of insurance, although it creates a new and distinct contract between the insurer and the mortgagee, does not relieve the mortgagee from a condition of the policy requiring the interest of the insured in the property to be truly stated therein — especially where the insured made application for the policy and paid the premium at the instance of the mortgagee to whom the policy was delivered and for whose exclusive benefit it was issued, and whose neglect it was that the insurance company was not notified of the real condition of the title.

MOTION by the plaintiff, the Genesee Falls Permanent Savings and Loan Association, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance upon a nonsuit granted by the court after a trial at a Trial Term of the Supreme Court held in and for the county of Monroe on the 17th day of April, 1896.

*Alvin Block*, for the plaintiff.

*Nathaniel Foote*, for the defendant.

ADAMS, J.:

This action was brought by the plaintiff to recover upon a policy of insurance issued by the defendant to one Albert Maciejewski. The policy conformed to the standard adopted in this State and contained the usual condition, " This entire policy shall be void * * * if the interest of the insured in the property be not truly stated herein."

It also contained the further provision that the entire policy, unless otherwise provided by agreement indorsed thereon and added thereto, shall be void, " if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

It appears, and the fact is undisputed, that the title to the premises upon which the insured property was located was in Maciejewski and his wife, as tenants by the entirety, and it is conceded by the plaintiff that this fact is a violation of the condition last quoted, which, as between the insured and the insurer, vitiates the contract of insurance.

It seems, however, that the plaintiff held a mortgage upon the premises in question, and that the policy in suit contained the customary mortgagee clause, providing that the loss, if any, should be paid to the plaintiff as its mortgage interest might appear, and also the further provision that, " This insurance, as to the interest of the mortgagee (or trustee), only, therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property."

It is now claimed that this provision relieves the plaintiff from the consequences of a failure upon the part of the owner, who, in this instance, was also one of the mortgagors, to truly state his interest in the insured property.

It is, undoubtedly, the settled law of this State that the effect of such a mortgage clause as is contained in the policy in suit is to create a new and distinct contract between the insurer and the mortgagee, by which the latter's interest is insured against loss resulting from fire, without regard to the rights of the mortgagor under the policy, and that this contract is one which will not be affected or impaired by any act or neglect of the mortgagor. (*Hastings et al.* v. *Westchester F. Ins. Co.,* 73 N. Y. 141 ; *Eddy* v. *London Assurance Corporation,* 143 id. 311.)

The principal question, therefore, which this motion presents is, whether or not the omission of Maciejewski to correctly state his interest in the premises upon which the insured building stood is such an " act or neglect" as is within the contemplation of the provision relied upon by the plaintiff.

It was said by RAPALLO, J., in giving effect to a similar provision in the *Hastings Case* (*supra*), that " the defendant cannot set up any defense based upon any act or neglect of the mortgagors, whether committed before or after the issuing of the policy."

At first blush this language would seem to furnish authority for the plaintiff's contention that the failure of Maciejewski to state his

real interest in the property insured prior to the taking out of the policy was an act or neglect which should not be permitted to impair or affect the plaintiff's independent contract. This, however, is a construction which we believe the language last quoted was not intended to bear, for in a more recent case it was held, with the concurrence of this same learned judge, that "A policy obtained through misrepresentation as to the owner cannot fairly be considered as embraced within the meaning of the clause referred to, nor can such misrepresentation be regarded of itself as an act or neglect within the terms of the policy." (*Graham* v. *Germania Ins. Co.*, 87 N. Y. 69, 78.)

The difference between misrepresentations as to ownership and the failure to disclose a qualified or conditional title, is simply one of degree. In either case there is a breach of the condition which is material to the risk, and if the former do not constitute an act or neglect, the latter certainly cannot. Nor do we have far to look in order to discover an adequate reason for the rule adopted in the case last cited, because such a violation of a material condition of the contract, while in one sense an act or neglect upon the part of the owner, is one which avoids the policy from the outset, and, therefore, there was never any valid policy upon which the plaintiff's independent contract could be made to rest.

But, even if this view of the question were untenable, we still think that the plaintiff should not be permitted to maintain its action, for the reason that it is quite as much responsible as Maciejewski for the failure to make known the nature of the latter's title. It is doubtless a fact that Maciejewski made application to the defendant for the insurance which is represented by the policy in suit, and that he likewise paid the premium thereon, but this was done at the instance of the plaintiff, to whose officers the policy was subsequently delivered by the defendant's agent, and they were thereupon placed in a position to know, and were bound to know, better than Maciejewski, who never saw the policy, the conditions which it contained. They must also have known when they took their mortgage that Maciejewski was not the sole and unconditional owner of the property therein described, and yet, with this knowledge, they failed to notify the defendant of the real condition of the title, or to take any measures for the correction of the policy in

respect thereto. Inasmuch as the insurance was for the exclusive benefit of the plaintiff, whose officers appear to have assumed direction and control of the matter, it would seem that if the plaintiff was to be furnished any indemnity thereby, its officers were bound by every consideration of good faith to disclose to the defendant what information they possessed respecting the mortgagor's title. This they omitted to do, and such omission made the act or neglect complained of that of the plaintiff, instead of the mortgagor; consequently, the case cannot fairly be said to come within the operation of the mortgage clause. (*Cole* v. *Germania Fire Ins. Co.*, 99 N. Y. 36.)

Our attention has been called to several alleged errors of the trial court in the exclusion of testimony offered for the purpose of establishing the fact that the defendant's agent, at the time the policy was issued, was shown the deed to Maciejewski and his wife, and was thereby informed as to the real condition of the title. It does not appear that these rulings were excepted to by the plaintiff's counsel, and consequently no question is thereby raised for the consideration of this court. But, even if such were not the case, it was subsequently made to appear that the deed was exhibited to the agent at another time, and after the policy in suit had been issued and delivered to the plaintiff.

This, of course, was insufficient to establish a waiver of any of the conditions contained in the policy.

We think that a nonsuit was properly directed by the trial court, and that the plaintiff's motion for a new trial should be denied.

All concurred.

Plaintiff's exceptions overruled, motion denied and judgment directed for the defendant, with costs.