Rockingham, }
  Dec., 1899. }

JANVRIN v. ROCKINGHAM FARMERS' MUTUAL FIRE INSURANCE
COMPANY.

Under a provision that a policy of insurance shall be void if, without the con-
  sent of the company and with the knowledge of the insured, the risk shall
  be increased by a change in situation or circumstances, the policy will not
  be invalidated unless such change results in a material increase of risk.
Whether in a given case the change alleged has materially increased the
  risk is a question of fact.

ASSUMPSIT, upon a policy of insurance upon the plaintiff's dwell-
ing-house. Facts agreed. At the date of the policy, the only
exposures to said dwelling-house were other farm risks or dwell-
ings. Subsequent to the date of the policy, a third party erected
on his land a building between the plaintiff's dwelling-house and
the nearest exposure mentioned in the application, which building
so erected was occupied as a grocery store and public hall, and was
a more hazardous risk than the property insured by the defend-
ants. The plaintiff knew of the erection of this new building and
its continuance there, but the defendants did not. April 14, 1899,
the new building caught fire and was destroyed, and fire was com-
municated thereby to the plaintiff's dwelling-house, which was
destroyed.

*Page & Bartlett*, for the plaintiff.

*Henry A. Shute*, for the defendants.

WALLACE, J.   The policy, which was in the standard form pre-
scribed by the legislature, provided that it should be void if, without
the consent of the company, " the situation or circumstances affect-
ing the risk, shall, by or with the knowledge, advice, agency, or
consent of the insured, be so altered as to cause an increase of such
risk. " The breach of the condition complained of is an increase of
risk caused by the erection of a building by a third person on his
land adjoining the insured premises, with the knowledge of the
assured, but without her consent.

This condition does not relate to the situation existing at the
time of the execution of the contract of insurance, but to the situ-
ation and circumstances affecting the risk arising during the term
of the policy. The effect of the provision, when there is a sub-

stantial increase of the risk known to the assured, is to invalidate the policy unless the company assent to the changed conditions. Although this construction avoids the policy by reason of the acts of persons other than the assured, and in respect to property other than that insured, yet where the stipulations of the contract plainly so provide, it has been upheld in this and other jurisdictions. *Shepherd* v. *Insurance Co.*, 38 N. H. 232, 239 ; *Davis* v. *Insurance Co.*, 67 N. H. 335 ; *Lyman* v. *Insurance Co.*, 14 Allen 329 ; *First Cong. Church* v. *Insurance Co.*, 158 Mass. 475 ; *Daniels* v. *Insurance Co.*, 48 Conn. 105 ; *Williams* v. *Insurance Co.*, 57 N. Y. 274 ; *Cole* v. *Insurance Co.*, 99 N. Y. 36 ; *Franklin Insurance Co.* v. *Gruver*, 100 Pa. St. 266 ; *Rife* v. *Insurance Co.*, 115 Pa. St. 530 ; *Straker* v. *Insurance Co.*, 101 Wis. 413 ; *German-American Insurance Co.* v. *Steiger*, 109 Ill. 254.

This clause in the policy should, however, receive a reasonable construction. From the nature of things, there must necessarily be more or less changes in the situation and circumstances affecting fire insurance risks, which, while they may be said to theoretically increase the risk, yet do not materially increase it. It must therefore have been intended that this contract should be subject to and unaffected by these slight changes unless we are to understand that this clause was expressly designed to avoid the contract and make it fail to accomplish the object sought in all such contracts,— the protection of the property described in the policy. While, therefore, a fair construction of this clause requires that a material increase in the risk known to the assured should avoid the policy, to protect the insurer from being liable under circumstances entirely different from and much more hazardous than those existing at the time of the execution of the policy, yet it does not require that every trivial change more or less incident to any piece of property and its surroundings, which does not substantially increase the risk, should avoid the policy and deprive the assured of its protection. Whether there is such an increase in the risk is a question of fact for a jury. *Shepherd* v. *Insurance Co., supra ; Davis* v. *Insurance Co., supra.*

As the facts disclosed by the case do not show whether the risk was materially increased or not, the plaintiff is entitled to have that question determined by a jury.

*Case discharged.*

All concurred.