# Behm v. Reliance Insurance Company of Philadelphia

*Samuel Handler* and *E. M. Hershey*, for plaintiff.
*Douglass D. Storey*, for defendant.

REESE, P. J., ninth judicial district, specially presiding, October 20, 1933.— This is an action of assumpsit brought by the plaintiff, the holder of a second mortgage upon the insured premises, under a standard union mortgagee clause attached to a fire insurance policy issued by the defendant company. The defendant has filed an affidavit of defense with new matter, and the plaintiff has moved for judgment for want of a sufficient affidavit of defense and has filed a reply to the new matter raising questions of law as to the legal sufficiency thereof.

The affidavit of defense sets forth substantially the following facts:

Lewis Silbert and Bella Silbert, his wife, were the owners of the premises involved. On May 29, 1931, they conveyed the premises at the request of the plaintiff herein to one John S. McDorman, a straw man or dry trustee for the plaintiff. On the same date, McDorman executed and delivered to the Silberts a first mortgage for $600. Thereafter, on the same date, McDorman conveyed the premises to the plaintiff. On June 12, 1931, the plaintiff conveyed the

premises to DeWitt Floyd, who executed and delivered to the plaintiff a second mortgage, on which there is due the plaintiff $600. On August 9, 1931, the plaintiff, then second mortgagee of the premises, requested from the defendant's agent a $2,000 policy of fire insurance on the premises. The plaintiff paid the premium and obtained the policy on which suit is now brought. The policy when issued did not have attached the mortgagee clause, and was issued in the names of Lewis and Bella Silbert as the legal owners of the property. Of course, at this time the Silberts were not the legal owners of the property after they had conveyed it to the plaintiff on May 29, 1931, and the plaintiff had conveyed it to DeWitt Floyd on June 12, 1931. The plaintiff knew all these facts when he obtained the policy and paid the premium. On October 1, 1931, the plaintiff took the policy to the local agent of the defendant company and requested him to (1) attach to the policy the standard mortgagee clause in favor of Mechanics Trust Company as first mortgagee and plaintiff as second mortgagee; (2) assign the policy from the names of Lewis and Bella Silbert as owners to that of DeWitt Floyd. This the agent did, but never notified the defendant company that he had attached the mortgagee clause. The defendant was never authorized by Floyd, who then owned the property, to obtain the assignment, to attach the mortgagee clause, or to take any action for Floyd concerning this or other insurance on the property. Floyd never ratified these acts of the plaintiff, nor in fact did Floyd know of the existence of this particular policy until after the fire, which occurred on October 15, 1931. When the policy was originally issued on August 9th, the building on the insured premises was vacant, and continuously remained vacant up to the time of the fire, a period of 68 days. The plaintiff knew that the premises were vacant at the time he secured the insurance policy and that they remained so until the time of the fire. Under the terms of the policy, a vacancy of 40 consecutive days was permitted.

It is contended by the plaintiff that his rights are fixed by the mortgagee clause, which is a separate and distinct contract of insurance, and that the interest of the mortgagee is not to be invalidated by any act or neglect of the mortgagor or owner. It is settled in Pennsylvania that the effect of adding a standard mortgagee clause to a policy is to constitute an insurance of the mortgagee's interest and that it operates as a separate and independent insurance thereof; Trustee Building and Loan Assn. v. The Liverpool and London and Globe Insurance Company, Limited, of London, 93 Pa. Superior Ct. 242, 245. However, the great weight of authority seems to be that this separate and independent insurance of the mortgagee's interest is unaffected by any act or neglect of the mortgagor, whether done or permitted prior or subsequent to the issue of the mortgage clause: 14 R. C. L. 1085. It is therefore contended by the plaintiff that he is not affected by violations of the policy which would defeat recovery by the mortgagor or owner. The defendant, on the other hand, while admitting the foregoing general principles, contends that the plaintiff cannot rely thereon because, in the instant case, the plaintiff knew of the violations of the policy of the mortgagor.

There seems to be no doubt that there were two violations of the policy: First, the interest of the original insureds, Lewis and Bella Silbert, was other than unconditional and sole ownership, for in fact they did not own the premises at all; and, second, the premises remained vacant for a longer period than was permitted by the policy. The affidavit of defense alleges that both these violations were known to the plaintiff when he procured the insurance and paid the premium thereof. Neither counsel nor the court has found any Pennsylvania decision on this precise point, but it has been held in other juris-

dictions, which ordinarily recognize the general rules hereinabove set forth, that where the mortgagee knows of the violations of the terms of the policy by the mortgagor he is not protected; or, in other words, the mortgagee is protected only when the violations are unknown to him. In Syndicate Insurance Co. v. Bohn et al. 65 Fed. 165, 178, it is stated "that the effect of the union mortgage clause, when attached to a policy of insurance running to the mortgagor, is to make a new and separate contract between the mortgagee and the insurance company, and to effect a separate insurance of the interest of the mortgagee, dependent for its validity solely upon the course of action of the insurance company and the mortgagee, and unaffected by any act or neglect of the mortgagor, of which the mortgagee is ignorant". In Cole, Assignee, v. The Germania Fire Ins. Co., 99 N. Y. 36, 1 N. E. 38, the plaintiff mortgagee knew of the violation of the policy by the mortgagor's creation of an increased hazard, and in denying the recovery the court said (p. 42) : "The provision in the mortgage clause that the interest of a mortgagee shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, does not protect the mortgagee's interest in this case for the reason that it is his own act or default, and not that of the mortgagor or owner, which brings the case within the clause avoiding the policy." This rule seems especially applicable where, as in the instant case, the plaintiff mortgagee takes out the policy, pays the premium, and knows of the violations of the terms of the policy: Genesee Falls Permanent Saving & Loan Assn. v. United States Fire Ins. Co., 16 App. Div. 587, 44 N. Y. Supp. 979; Bank of Ellensburg v. Palatine Ins. Co., 82 Wash. 55, 143 Pac. 447. In the instant case, it is alleged that the plaintiff not only knew of the alleged violations of the policy but that he procured the policy and paid the premium. It would therefore seem that he is really the insured; and, if he knows of violations of the terms of the policy, there seems to be no reason why he should be protected under the mortgagee clause under the general rules applicable thereto. In Swoope v. United States Fire Ins. Co., 87 Pa. Superior Ct. 349, 353, it is said: "Where insurance is taken out in the name of one person, loss payable to another, and the latter obtains the insurance and pays the premium, he is the insured and the one to whom the conditions in the policy apply." It is indicated by the late Judge Fuller, whose opinion was affirmed per curiam in Reed v. Saint Paul Fire & Marine Ins. Co., 67 Pa. Superior Ct. 110, that to be protected under the general rule, that the mortgagee shall not be affected by any act or neglect of the mortgagor or owner, the mortgagee must be without knowledge or ignorant of the violations of the terms of the policy. It would therefore follow that, if the mortgagee knows of the violations of the policy by the mortgagor, he is not protected. Certainly it would be true where, as in the instant case, the mortgagee procured the insurance and paid the premium. In such a case he is the insured, and the violations of the policy are really committed by himself.

We feel, therefore, that the affidavit of defense is sufficient to prevent judgment, and that the new matter sets forth a defense. Furthermore, we are of opinion that this is not such a clear case as to warrant a summary judgment on the pleadings. Where important and involved questions of law are raised and when the outcome is doubtful, it is proper to refuse to give judgment on pleadings: Elliott v. McGoun, 307 Pa. 185.

And now, October 20, 1933, the motion for judgment for want of a sufficient affidavit of defense is overruled and the reply to the new matter raising questions of law is overruled, and the plaintiff is granted leave to file within 15 days from the date of this order a reply to the new matter on the merits.

From Homer L. Kreider, Harrisburg, Pa.