DAVID S. WRIGHT, Appellant, and FRED W. EGAN, Plaintiff, *v.* FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., Respondent.

Fourth Department, November 18, 1936.

*Glenn W. Woodin*, for the appellant.

*Hugh McM. Russ*, for the respondent.

PER CURIAM. The judgment for the defendant in this case rests on proof that plaintiff, David S. Wright, who was the mortgagee in a mortgage upon the insured property, did not notify the defendant of change of ownership of the property which came to his attention, as

required by the provisions of the standard mortgagee clause attached to the insurance policy. The proof of the deed, delivery of which is relied upon by the defendant as proof of the change of the ownership, was made by parol. Absence of the deed was not sufficiently explained to permit the admission of parol evidence. We think the objection to this evidence, in view of the course of the examination, was timely. But, if it was not, still we are of the opinion that the motion to strike out should have been granted and the failure to grant such motion was error of fact, if not of law. As there must be a new trial, we add that if any changes of ownership directly or indirectly from the insured owner, Egan, whether occurring before or after the issuance of the policy, came to the knowledge of the mortgagee either before or after the issuance of the policy, the failure to give the insurance company notice of the change of ownership would defeat recovery under the mortgagee clause. As to the effect of such knowledge on the part of the mortgagee before the issuance of the policy, see *Genesee Falls Sav. Assn.* v. *U. S. Fire Ins. Co.* (16 App. Div. 587); *Graham* v. *Fireman's Ins. Co.* (87 N. Y. 69); *Syndicate Ins. Co.* v. *Bohn* (65 F. 165).

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.